### Salter vs. Burt.

To charge the endorser of a *post dated bank check* falling due on *Sunday*, presentment for payment must be made on the next day, and notice of non-payment given to the endorser; presentment on *Saturday*, the day preceding its maturity, is a nullity and discharges the endorser.

When the day of performance of contracts other than instruments upon which *days of grace* are allowed, falls on *Sunday*, that day is not counted, and compliance with the stipulations of the contract on the next day *(Monday)* is deemed in law a performance.

DEMURRER to declaration. The action was against the defendant as the endorser of a check drawn by *Benjamin Rathbun*, on the cashier of the Bank of Buffalo for $500, payable to the defendant's order. The check was dated August 21, 1836, but as the count alleged was drawn on the 9th day of that month. The 21st day of August was *Sunday*, and payment of the check was demanded and notice of non-payment given to the defendant on *Saturday* the 20th day of the month.

*C. A. Mann*, for the defendant. A *post dated* check falls due on the day it purports to bear date on its face, and days of grace are not allowed on checks. A bill of exchange has days of grace, and then if the third day is *Sunday*, payment may be demanded on the preceding day by the custom of merchants; but in no other case can payment be demanded *before the debt has become due*. This check had not a legal existence until the *twenty-first* of August, and it would have been in time to charge the endorser if presented on the next day. The drawer was not obliged to provide funds until the *twenty-second*, knowing that the check could not be presented until that day. The presentment of the check on the *twentieth* was therefore a nullity, and as there was no subsequent presentment, the declaration shows no cause of action. The case of *The Mohawk Bank* v. *Broderick*, 10 *Wendell*, 304, and 13 *id.* 133, *S. C.* in the court of errors, is directly in point in support of the demurrer.

*J. A. Spencer*, for the plaintiff.   A bill of exchange falling due on *Sunday*, must be presented on the day preceding.   This check fell due on *Sunday*, and was therefore correctly presented for payment on the preceding *Saturday*.   This is the rule of law in respect to *commercial paper*, and surely *checks* belong to that denomination of instruments.   The circumstance of days of grace not being allowed on checks cannot alter the rule as to the time of presentment.   The only effect of allowing days of grace, is to make bills payable three days *after* the time specified in the body of the bill ; but when the day of payment of a bill is ascertained by adding three days, and that day happened to be *Sunday*, the presentment must be on *Saturday* the second day of grace : in other words, it must be presented on the day *preceding* that on which the bill falls due.   So in relation to checks, when the day of payment happens to be *Sunday*, the check must be presented on *Saturday*.   The convenience and safety of commercial transactions require that there should be uniformity in the law on the subject, and that different rules should not exist in respect to different classes of commercial paper which are distinguished from each other only in name.

*By the Court*, BRONSON, J.   This check, having been post dated, was payable on the day of its date, without any days of grace.   *Mohawk Bank* v. *Broderick*, 10 *Wendell*, 304.   13 *id.* 133.   It fell due on *Sunday*, and the question is whether the demand of payment was well made on the previous *Saturday*, or whether it should have been made on the following *Monday*. When days of grace are allowable on a bill or note and the third day falls on Sunday, the bill or note is payable on the previous Saturday.   The same custom of merchants which, as a general rule, allows three days of grace to the debtor, has limited that indulgence to two days in those cases where the third is not a day for the transaction of business.   But when there are no days of grace, and the time for payment or performance specified in the contract falls on Sunday, the debtor may, I think, discharge his obligation on the following Monday.   This question was very

fully considered in *Avery* v. *Stewart*, 2 *Conn.* R. 69, which was an action on a note, not negotiable, which fell due on Sunday ; and the court held that a tender on Monday was a good bar to the action. I agree to the doctrine laid down by *Gould*, J., that Sunday cannot, for the purpose of *performing* a contract, be regarded as a day in law, and should, as to that purpose, be considered as stricken from the calendar. In computing the time mentioned in a contract for the doing of an act, *intervening* Sundays are to be counted, but when the day for performance falls on Sunday, it is not to be taken into the computation. The check was presented before it became payable, and the demand and notice were consequently insufficient to charge the endorser.

Judgment for defendant.