By the Court,

Nelson, Ch. J.
The statute means two law days, and they are to be counted exclusive of the day on which the claim was made.(a) In this case, Sunday intervened between the day on which the claim was interposed and the day of trial, and was properly excluded in the computation of time.(b) The defendant was entitled *377 to two business days. The proceedings were therefore regular, and the motion must be denied.
Motion denied.

 See The Commercial Bank of Oswego v. Ives, (ante, p. 355, and the cases there cited.)

 The same rule was acted on in Thayer v. Felt, (4 Pick. 354.) The question, which there arose under a statute authorizing the adjournment of a sale by an officer “ not exceeding three days,” was whether, if Sunday intervened before the last day, the adjournment could be extended to three days exclusive of Sunday. The court held that it might, and Wilde, J. delivering the opinion of the court, said: “ If Sunday is to be included, it must follow that if a sale be adjourned on Thursday, Friday or Saturday, only two days are to be allowed for the purposes of the adjournment, as on Sunday the transaction of all secular business is prohibited. We cannot think that this would be a reasonable construction of the statute. We apprehend the intention of the legislature was, to limit the time of adjournment to the shortest period with *377 in which notice might be conveniently given, and preparations made for the adjourned sale; and that three business days were to be allowed for these purposes. If it were required that adjournments should only be made from day to day, still no one would doubt that an adjournment from Saturday to Monday would be legal; for every statute must have a reasonable construction.” The court were careful to confine the operation of the rule to cases where the time limited was less than a week, and hence they recognized the case of Alderman v. Phelps, (15 Mass. R. 225,) observing: “ In that case it was decided, that where the thirty days, during which property attached on mesne process is held subject to execution, expires on Sunday, the lien created by the attachment does not continue through the next day. This construction seems applicable' to every statute wherein the time limited for a particular purpose is such as must necessarily include one or more Sundays, unless they are expressly excluded, or the intention of the legislature to exclude them appears manifest. But it does not follow that the same construction is to be given to a statute wherein the time limited is less than a week, and which, therefore, may or may not include Sunday.”
The rule established in the principal case does not, in general, govern, except in the construction of statutes, and then only, as it seems, where the time limited is less than a week ; though it has been applied to the four days allowed to bail in scire facias to plead, (Wathen v. Beaumont, 11 East, 271;) and to rules for judgment, (Id.; note (6) ;) but not to rules to plead in ordinary cases, (Id.; Asmole v. Goodwin, 2 Salk. 624; Anonymous, 1 Stra. 86; but see Lord Coningsby's case, 8 Mod. 46, contra;) nor to the eight days given to bail to render their principal, (Creswell v. Green, 14 East, 537;) nor to the four days within which to move in arrest of judgment. (Hales v. Owen, 2 Salk. 625.)
In the construction of rules of court in respect to time for pleading and other mere matters of practice, it is well settled that if the last day fall on Sunday, the party has the whole of the next day in which to perform the act required. (See Rules Sup. Ct. No. 62; Cock v. Bunn, 6 John. R. 326; Borst v. Griffin, 5 Wend. 84; Anonymous, 1 Stra. 86; Bullock v. Lincoln, 2 id. 914; Studley v. Sturt, id. 782 ; Lee v. Carlton, 3 T. R. 642; Solomons v. Freeman, 4 id. 557; Harbord v. Perigal, 5 id. 210; Asmole v. Goodwin, 2 Salk. 624; Shadwell v. Angel, Burr. 56; 1 Sellon's Prac. 95 ; 1 Arch. Prac. 117; 1 Tidd’s Prac. 433 ; Grah. Prac. 220, 230, 713, 2d ed.)
But in respect to the construction of statutes, the rule is otherwise in this state. (Ex parte Dodge, 7 Cowen, 147.) The question in the last case was, whether an appeal from a justice’s judgment was regular, if brought on Monday, where the time limited by the statute (10 days) expired on the day before. This court held that it was not, and observed: “ Sunday has, in no case, we believe, been ex- *378 eluded in the computation of statute time.” That the same rule governs in Massachusetts, see Alderman v. Phelps and Thayer v. Felt, cited, supra. In Pennsylvania, the direct contrary seems to have been held. (Goswiler’s estate, 3 Penn. R. 200; and see Sims v. Hampton, 1 Serg. & Rawle, 411.)
In respect to bills and notes, if the next day after presentment and protest be .Sunday, a notice to the endorser mailed on the following Monday is in time, (Howard v. Ives, 1 Hill, 263, 265.) When days of grace are allowed on a bill or note, and the third day falls on Sunday, it is payable on the previous Saturday. (See Chit, an Bills, 410, a, Am. ed. of ’39, and the cases there cited in note (1) Per Bronson, J. in Salter v. Burt, 20 Wend. 205, 6.) Otherwise, as to contracts in respect to which no days of grace are allowed. There, if the specified time for payment or performance fall on Sunday, the debtor has the following Monday on which to discharge his obligation, (Salter v. Burt, 20 Wend. 205, 206, 7; Avery v. Stewart, 2 Conn. R. 69.) A contrary doctrine has, however, been held in Mary land. (Kilgour v. Miles, 6 Gill & John. 268.)