## WOOLEY v. CLEMENTS.

1. A bill of exchange payable twelve months after date, when the nominal day of payment falls on Sunday, is notwithstanding allowed three days of grace, and is properly protestable on the Wednesday following.

Writ of Error to the Circuit Court of Tuskaloosa.

Assumpsit by Clements as the indorsee of a bill of exchange against Wooley as the second indorser. The bill is described as dated the 23d of February, 1844, payable twelve months after date, and negotiable and payable at the Bank of the State of Alabama.

At the trial, it appeared in evidence that the 23d day of February, 1845, was Sunday, and the bill was protested for non-payment on the 26th of the same month.

On this state of proof, the defendant requested the court to charge the jury, that the bill was not protested on the day when by law it was protestable. The charge was refused, and this is the only error assigned.

B. F. Porter, for the plaintiff in error, insisted that as the bill fell due on Sunday, it was demandable by the law mer-

Wooley v. Clements.

chant on the previous day, and therefore should have been protested on the Tuesday afterwards. [Chitty on Bills, 410, 404; Story on Bills, § 335, 338, and note 1; 5 Con. Rep. U. S. 101.]

P. MARTIN and HUNTINGTON, contra.

GOLDTHWAITE, J.—We think it does not admit of question that this bill was protested on the proper day. The twelve months for which it run expired on the 23d of February, and although it was then at maturity, yet by the commercial law, the parties were not in default until the last day of grace. All the text writers agree that if this fell on Sunday, the protest should be made on Saturday. [Chitty on Bills, 410, a, and American cases cited in note 1; Story on Bills, § 337, 338.] The latter writer says, the reason of all this doctrine seems to be, that as the allowance of the days of grace is a mere indulgence to the acceptor, it shall be granted only in cases when it will not work any extra delay to the holder of the bill; but he shall be entitled to strict payment at the *punctum temporis* of the bill. If any other rule were adopted, the holder would be compelled to lose the use of his money for four days. [Story on Bills, § 341.] This reason, whilst it prevents four days of grace being demandable in any case, certainly cannot take away the right to three, except in the precise contingencies that are spoken of; and although the nominal maturity of the bill falls on Sunday, the days of grace are not thereby abridged.

Let the judgment be affirmed.