JUSTIN MORRISON AND ALEXANDER MORRISON *v.* ROBERT B. BAILEY AND LEONARD F. BURGESS.

The characteristics distinguishing a check from a bill of exchange, stated and explained.

A check is always payable on presentation and demand, and is not entitled to days of grace.

A draft for money, in the usual form of a check, but payable on a future specified day, is a bill of exchange and entitled to days of grace.

Whether days of grace are to be allowed on a draft in the form of a check, depends upon the question whether the instrument is payable on demand, or at a future day.

The usage of banks in any particular place, to regard drafts upon them, payable at a day certain after date, as checks, and not entitled to days of grace, is inadmissible to control the rules of law in relation to such paper.

RESERVED in the Cuyahoga county, on a motion for new trial.

This suit was brought on the instrument set out in the opinion of the court. On the trial in the District Court, which was at the October term thereof, 1854, the intervention of a jury was waived, and the cause submitted to the court, on the issue joined, upon the following agreed statement of facts: .

It is agreed between the parties that the evidence consists of the instrument signed by said Bailey, and drawn on Wicks, Otis & Brownell, for the payment of $300 to Burgess or order, on the 13th of July, 1853, dated Cleveland, Ohio, June 30th, '53, and indorsed by Burgess; which paper was, in due form, presented for payment on the 16th of July, 1853, and protested for nonpayment; and notice given on the same day.

And the evidence consists, further, of the following statements of witnesses, which, it is agreed, shall be taken and considered as if given in court, on the trial of this cause.

*Defendants' Testimony.*—Mr. Foot, of Merchants' Bank, a banker for seven years; H. A. Hurlbut, of the Bank of Commerce, a banker for three or four years; Parker Handy, of same bank, and a banker for eight or ten years; T. P. Handy, of

Commercial Branch Bank, a banker for fifteen or twenty years; A. C. Brownell, of Wicks, Otis & Brownell, a banker for four years, and Dr. Wick, President of City Bank for four years, testify that it had been their custom, and the custom of the banks and bankers in Cleveland, to present for payment, and pay such a paper as sued on, on the day named, without grace.

T. P. Handy would further say, that such custom had prevailed about five years; that nine years ago it was different, and grace allowed.

W. H. Stanley, of Forest City Bank, a banker for some years, testifies that the usage had been to treat such paper as without grace; but had known one exception, where the drawer of the paper had no funds, and where he told the bearer that he supposed the paper was entitled to grace—which he did in order to put the man off, to favor the credit of the drawer; when in fact the custom, and as he supposed the law, to be the other way. This paper was not paid till after grace. His impression was that it was then paid, though not certain.

J. L. Severance, Teller of Commercial Branch Bank, a banker for ten or fifteen years, testifies, that to treat such a paper as not having grace, has been the custom in Cleveland; has known three or four exceptions where grace was given. These exceptions were occasioned through a new book-keeper not being acquainted with said custom. Up to within two or three years, it had been the custom of the banks to treat such paper as entitled to grace; it may have been five years.

T. C. Severance, Cashier of Commercial Bank; been a banker for many years; custom generally not to give or ask grace; have been exceptions to the rule—but remembers of but one instance, of Mygatt & Brown not presenting such a draft till after grace. That the custom has been nearly universal with banks and bankers of Cleveland, with occasional exceptions, to treat such paper as without grace; which exceptions have been in the presentment. We, and the banks generally, have never claimed grace.

The above testimony, as to custom, objected to by plaintiffs, and received subject to exception.

*Plaintiffs' Testimony.*—It is further agreed that the following witnesses, as to the custom, called by plaintiffs, testify as follows:

George Mygatt, of the firm of Mygatt & Brown, bankers of Cleveland, testifies that he has been a banker for thirty years, in Norwalk, Painesville and Cleveland; in the City Bank of Cleveland for two years, and in the next succeeding and the last three years, as a private banker. That he does not know what has been the general custom in Cleveland as to such paper; but that it has been his invariable custom, whenever engaged in banking business, to treat such paper as entitled to grace, both in presenting them for payment and in paying them.

George Williams, a banker for twenty years, testifies that he concurs with George Mygatt in his above statement, and believes it has been the general custom of bankers and banks in Cleveland, to treat such paper, when payable to order instead of bearer, as entitled to grace; that he does not now remember of any particular instance, without referring to his books, but that such is his recollection of the course of business in Cleveland for many years, and presumes he has had forty instances where such paper was treated with grace.

It is agreed that the above was all the evidence, or agreed statement of evidence, offered on the trial; that the only question is, whether such a paper was entitled to grace.

And it is further agreed, that all the parties to the paper were residents of Cleveland, and that the drawees were bankers, and that the paper was discounted by plaintiffs on the day it was drawn and indorsed. It is further agreed, that the signatures of R. B. Bailey and L. F. Burgess to the paper in question, are the signatures of defendants, respectively.

The court, on this submission, found for the plaintiffs, and assessed their damages. Whereupon the defendants moved for a new trial, upon the ground, that the finding of the court was contrary to the law and the evidence, etc.; and the court reserved the case, on this motion, for decision by the Supreme Court.

Morrisons *v.* Bailey and Burgess.

*Willey & Cary,* for plaintiff, cited—Chitty on Bills, p. 1, sec. 1, p. 511, 50, 52, 322; Bayley on Bills, p. 1, sec. 1; Byles on Bills, p. 1, sec. 1, p. 71; Story on Prom. Notes, p. 614, sec. 487; Story on Bills 51; Chitty, Jr. 24—26; 21 Wend. 337; 6 Hill 174; 4 Yerg. (Tenn.) Rep.; Little's (Ky.) Rep.; Blackford (Ia.) Rep.; Swan's Statutes, pp. 587, 588, sec. 1; *Bowen et al.* v. *Newell et al.,* 4 Selden 190.

*S. B. & F. J. Prentiss,* for defendant Burgess, cited—Story on Prom. Notes, secs. 487, 488, 489, 490, 493, 496; 3 Kent's Com. (6th Ed.), p. 75, 104, note c; *Ex parte Brown,* 2 Story's Rep. 502; *Bowen* v. *Newell,* 5 Sandford's Rep. 326; *The Mohawk Bank* v. *Broderick & Powell,* 10 Wend. 304; S. C., 13 Wend. 133; *Smith* v. *Janes,* 20 Wend. 192; *Salter* v. *Burt,* 20 Wend. 205; *Murray* v. *Judah,* 6 Cow. 490; Holcombe's Lead. Cases upon Com. Law, 264, 274, note; *Renner* v. *The President, Directors & Co. of the Bank of Columbia,* 9 Wheat. 581; 5 Cond. Rep. 690; *Mills* v. *The Bank of the U. States,* 11 Wheat. 431; *Bank of Washington* v. *Triplett & Neale,* 1 Pet. 25; *Bank of Columbia* v. *Magruder,* 6 Harr. & J. 180; *Pearce* v. *Butler,* 14 Mass. 303; *Whitwell* v. *Johnson,* 17 Mass. 452; *Hartford Bank* v. *Stedman,* 3 Conn. 489; *Wood* v. *Corl,* 4 Metc. 203; *Little* v. *Phœnix Bank,* 2 Hill 425.

BARTLEY, J.   This suit was brought against Bailey, as drawer, and Burgess, as indorser, of a paper, of which the following is a copy:

$300.                                        CLEVELAND, O., June 30th, 1853.

Wicks, Otis & Brownell : Pay to L. F. Burgess, on the 13th day of July, '53, or order, three hundred dollars.

                                             R. B. BAILEY.

Indorsed by L. F. Burgess.

The paper was presented to Wicks, Otis & Brownell, for payment, on the 16th day of July, 1853; payment refused, and notice of nonpayment given on that day.

It is claimed, on the part of the defense, that presentment was not made, and notice given, in due time.   And the question for

determination is, whether this instrument, upon which suit is brought, is, or is not, entitled to days of grace; and this depends upon the question, whether the instrument is a check *eo nomine*, or a bill of exchange, subject to the rules and usages governing ordinary bills of exchange.

The distinction between a bill of exchange and a check, although much confused, in some respects, by the apparently inconsistent language of some of the adjudicated cases, as well as of some of the elementary writers bearing upon it, is founded in the difference in the nature of these two classes of commercial paper. Checks, being drafts or orders for immediate payment of money, have come into such common use as to supersede, in frequent payments of considerable amounts, not only gold and silver coin, but even bank notes. And with their general use, certain usages have grown up peculiar to that class of instruments, and which have become engrafted on the commercial law of the country. A check is subject to many of the rules which regulate the rights and liabilities of parties to bills of exchange, and so nearly resembles the latter class of instruments, that some authors have defined a check to be, in substance and in legal effect, an inland bill of exchange, payable on demand. But, as Judge Story well said, in the matter of *Brown*, 2 Story's Rep. 502, although a check "nearly resembles a bill of exchange, yet *nullum simile est idem.*" By statute, in Ohio, all bills made negotiable are entitled to three days grace in the time of payment. (Revised Stat. 576.) But days of grace, in the time of payment, would be inconsistent with the nature and purpose of a check, which requires no acceptance, and is always payable immediately on presentment.

These two classes of commercial paper, although in many respects similar, are to be distinguished in the following particulars, to wit:

1st. A check is drawn upon an existing fund, and is an absolute transfer or appropriation, to the holder, of so much money in the hands of the drawee; whereas a bill of exchange is not always, or necessarily, drawn upon actual funds in the hands of

the drawee, but very frequently drawn in anticipation of funds, or upon a previously arranged credit.

2d. The drawer of a check is always the principal; whereas the drawer of a bill frequently stands in the position of a mere surety.

3d. As between the holder of a check and an indorser, demand of payment within due time is essential to the liability of the latter. Where the parties reside in the same place, the holder should present the check on the day it is received, or within business hours of the following day; and when payable at a different place from that in which it is negotiated, the check should be forwarded by mail on the same, or the next succeeding day, for presentment. But days of grace being allowed to bills of exchange, the time for demanding payment of a bill is different.

4th. As between the holder and drawer, however, mere delay in presenting a check in due time for payment, would not discharge the latter, unless he had been injured thereby, and then only to the extent of his loss; but a different rule, in this respect, prevails in case of a bill of exchange.

5th. A check requires no acceptance, and, when presented, the presentment is for payment.

6th. It is not protestable, or in other words, protest is not requisite to hold either the drawer or an indorser.

From these distinguishing characteristics, arising out of the nature of these two classes of instruments, it follows, that a check is always payable on presentation and demand; and that, if a draft for money be in the usual form of a check, except that it is payable on a specified day in future, it is a bill of exchange, and entitled to days of grace. This is the result of the doctrine of the most recent and well considered authorities having a bearing upon this subject. *Bowen et al.* v. *Newell et al.*, 4 Selden Rep. 190; *Brown* v. *Lusk*, 4 Yerger's Rep. 240; *Daniels* v. *Kyle et al.*, 1 Kelley's (Ga.) Rep. 304; *Woodruff* v. *Merchants' Bank*, 25 Wend. 673; 6 Hill 174; Chitty on Bills 512 and 515; Byles on Bills 71; Story on Prom. Notes, secs. 489, 490 and 491; 3 Kent's Com. 104.

It is also settled, in *Woodruff* v. *Merchants' Bank;* and *Bowen* v. *Newell*, above referred to, that any supposed usage of banks *in any particular place* to regard drafts upon them, payable at a day certain after date, as checks, and not entitled to days of grace, is inadmissible to control the rules of the law in relation to such paper.

*Motion for new trial overruled and judgment for the plaintiffs.*