## Case No. 4,002.

### DOREMUS v. BURTON.

[5 Biss. 57.][1]

Circuit Court, D. Wisconsin. Jan. Term. 1860.

##### NOTE FALLING DUE ON SUNDAY.

Where a note, drawn without grace, falls due on Sunday, demand and protest on Saturday are good to hold the indorsers.

[This was an action at law by Thomas C. Doremus against William A. Burton. Heard on a motion for a new trial.]

MILLER, District Judge. At the trial of this cause, which is a suit against the defendant as indorser of several promissory notes, it was objected that one of the notes became payable on Sunday, and that it was protested on Saturday previous for non-payment. These notes were negotiable, without days of grace. The court advised the jury to include this note in their calculation of the damages, and on a motion for a new trial, the question could be considered, and if the assessment was found not to be legal, the plaintiff might remit the amount, or a new trial would be ordered. On the motion for that purpose, I have examined the subject. The law is universal in this country and in England that where the last day of grace falls on Sunday, demand and notice must be made on the Saturday previous. Such is the law of the supreme court of the United States. Leudinberger v. Brall, 6 Wheat. [19 U. S.] 104.

In Chitty on Bills (page 377) it is stated that "in this country (England), at common law, if the day on which a bill would otherwise be due falls on Sunday, or a great holiday, as Christmas-day, the bill falls due on the day before; and where a third day of grace falls on a Sunday, the bill must be pre-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

sented on Saturday, the second day of grace; whereas, otherwise, a presentment on a second day of grace, being premature, would be a nullity." The reason of the rule as to notes in which days of grace are allowable is that as the allowance of days of grace is a mere indulgence to the maker, it shall be granted only in cases where it will not work any extra delay to the holder of the note, who is entitled to strict payment. If any other rule were adopted, he would be compelled to lose the use of his money for four days. But in practice, and in fact, according to the law of this state, a note for thirty days, where days of grace are not waived, as in this note, is a note for thirty-three days,—so understood when the note is given and received; such is the contract. Now the question is, does the waiver of the days of grace extend to the maker one additional day when the day of payment falls on Sunday? At the trial I was inclined to place the note in this respect as a non-negotiable contract, which it was understood would not be payable until the Monday following. In a note to section 220, Story on Promissory Notes, the above remark of Chitty is copied. This seems to confirm the principle that, at common law, this note would be payable on Saturday. In the case of Barker v. Parker, 6 Pick. 80, it is stated by the court that the note in suit fell due on Sunday, and having been made in 1824, was not entitled to grace, the statute allowing grace on promissory notes not having been passed until 1825. The note became due, therefore, on the 13th of November, 1825, and should have been demanded on the 12th, as the day of payment, according to the note, was Sunday. Reference is made to Jones v. Fales, 4 Mass. 245. Such seems to have been the common law of Massachusetts. In the case of Avery v. Stewart, 2 Conn. 69, the note sued on was for a certain sum in cotton yarn and was not negotiable. It fell due on Sunday, and a tender of the yarn was made on the Monday following. The court, six judges to three, decided that the tender on Monday was good and in time. The supreme court of New York, in the case of Salter v. Burt, 20 Wend. 205, decided that the check in suit having been protested, which was payable on the day of its date, which was Sunday, could not be demanded until the Monday following. It is apparent that it could not be presented at the bank for payment on Saturday, as it did not bear date on that day, but on the day following. It did not purport to have been written on Saturday. The reason given by the court favors the idea that this note was payable on Monday; but although the decision was correct, the reasoning may possibly be wrong. It is very certain that a presentment of the check on Saturday would be premature.

The note in suit being a negotiable note, with grace waived, is to be considered the same in regard to Sunday being the day of

payment as if the waiver had not been made. When the note was made the maker may possibly have known that the day of payment would fall on a day on which it would be illegal to make demand. At all events, the instrument is to be considered against the maker, and upon such principles is not to be so construed as to allow an indorser to escape. The motion for a new trial will be overruled and judgment entered on the verdict.

NOTE. Where goods sold were to be delivered on a certain day by the agreement of the parties, and that day was Sunday, it was held that they should have been delivered on Saturday. Kilgour v. Miles, 6 Gill & J. 268.