Brinkerhoff, C.J.
The plaintiffs in error contend, that the instrument on which the action below was brought, is not *92 a check, but a bill of exchange; that, as a bill of exchange, it was entitled to three days’ grace; and that, therefore, it ought to have been presented for payment, in order to fix the drawers, on Thursday instead of on Monday or Tuesday; in other words, that it was presented too soon; and they insist that the case of Morrison et al v. Bailey et al., 5 Ohio St. Rep. 13, is conclusive in support of this position.
The check in the case before us was dated November 11th, and payable at a future day, to-wit, the 13th; and if the rule asserted in the syllabus, and "by the judge delivering the opinion of the court in Morrison v. Bailey, is to be accepted without qualification or exception, it is conclusive of the question presented in this case, and the judgment of the superior court must be reversed; for it is there declared that “ a draft for money, in the usual form of a check, but payable on a future specified day, is a bill of exchange, and entitled to days of grace; ” and that, “ whether days of grace are to be allowed on a draft in the form of a check, depends upon the question whether the instrument is payable on demand, or at a future day.” But that case, like every other, is authoritative only to the extent of the doctrine necessary to its decision ; and where the language of the court goes beyond this necessity, and embraces cases not analogous to the one decided, the authority ceases with the analogy. That the case of Morrison v. Bailey was, on its own facts, correctly decided,, we have no doubt; and had the court, in deciding it, contented itself with declaring that a draft in the form of a bank check, but payable at a future day, is prima facie a bill of exchange, and not a check, it would have had our entire concurrence. And this was all that the facts of that case required. But if it be said that the circumstance that the instrument was payable at a "future day, is conclusive of its character as a bill of exchange, we can not but withhold our assent. The instrument sued on in that case was payable to a payee named, “ or order,” which is itself a circumstance, though not conclusive, tending to show, that it was a bill of exchange; and then it was dated June 30, 1853, and payable by its terms on the 13th of July following ; and in addition *93 to these two circumstances, there was no evidence and no fact in the case showing that it was “ drawn on an existing fund,” or that it was designed to effect “ a transfer or appropriation,” to the payee or holder, “ of so much money in the hands of the drawee; ” and these are characteristics which are laid down in all the books as belonging to checks in con tradistinction to bills of exchange, and which, it seems to us, are of more importance and controlling weight in determining the character of the instrument than any other. For aught that appears in the case, it may have been drawn upon no fund in the hands of the drawee, but “ in anticipation of funds, or upon a previously arranged credit.”
These observations will apply, generally, not only to the case of Morrison v. Bailey, hut to every ease cited therein as authority to sustain the decision made.
Now, in the case before us, it is admitted in the defendants’ answer, and in the agreed statement of facts, that the instrument sued on was drawn on an actually existing fund, and was, by both parties to it, designed and intended to effect a transfer and appropriation to the holder, in payment of a debt duo him from the drawee, of so much money in the hands of the drawee, and that the only reason why it was made payable three days after its date, was that, under the peculiar circumstances of the parties, it would be inconvenient to the holder to present it for payment in due time if made payable at date. These circumstances distinguish this case from all those above referred to; for in none of them does it appear that they had any existence; and we find no case anywhere in which it has ever been held that an instrument like this, designed to effect a payment of a debt, by a' transfer and appropriation to the holder of an existing fund in the hands of the drawee, was a bill of exchange, and as such entitled to grace, simply because it was payable at a future day; while “ In the matter of Brown,” 2 Story’s Rep. 502, is a strongly reasoned case the other way.
• Post-dated checks, i. e., checks dated forward of the time at which they are actually drawn and delivered, seem to have been long familiar to the commercial world, and it seems to *94 be universally conceded that they are none the less checks on that account, and subject to the legal incidents pertaining to checks only. Allen v. Keeves, 1 East. Rep. 435; Mohawk Bank v. Broderick, 10 Wendell, 304; Salter v. Burt, 20 Wendell, 205. And such checks are presentable and payable on the day of their date, and are not entitled to grace, as the cases above cited, and others which might be added, show-These post-dated checks are evidently but another mode of attaining the same end which was sought to be attained in the use of the instrument sued on in this case, viz: the postponement of the day of payment, and to avoid the necessity of presentment for payment at an inconveniently early day. If this check, though drawn on the eleventh day of the month, had been dated on the thirteenth, no one would dispute thaS it would have been good as a check,'and payable on the thir teenth without grace ; and the drawing and receiving of such a check could take place only by virtue of an agreement between the parties to it that the time when it should be payable should be thus postponed. Now, why should not parties be permitted to do directly what it is conceded they may thus do by indirection ? Why should the giving of the true date of the instrument, and the honest embodying of the agreement of the parties into the instrument itself, work, in law, a revolution of its legal character, and thwart the intentions of the parties ? We can see no good reason why it should be so, for, in substance and effect, this instrument, viewed in the light of the circumstances under which it was given and of, the purpose it was designed to accomplish, and a post-dated check are the same; and we are of opinion that they are the same in their legal incidents. Both are checks, and neither are entitled to grace.
In this case no resort to parol evidence was necessary to show the situation, circumstances and relations of the parties making and receiving the check at the time it was made and received, nor the purpose for which it was given and received, for these are all disclosed in the defendants’ answer. But, we will add, although the question is not necessarily involved in this case, that we see no reason why the situation, circum *95 stances, and business relations of the parties to such an instrument may not, in entire consistency with established rules of law, be always admitted in evidence, to solve any doubts which may arise as to its true character, by enabling a court to construe it in the light of the surrounding circumstances.
It may be said that a rule which would hold all such instruments payable at a future day, to be bills of exchange, and so entitled to days of grace, would have the merit of simplicity and easy application. This is true. But we apprehend that these advantages would be bought too dearly at the expense of a rude interference with established, or extensively prevalent, commercial usage. On this subject we can best express our own views by quoting a portion of the remarks of' Story, J., in the matter of Brown, above cited. In speaking of judicial attempts “to subject the doctrines applicable to all negotiable instruments to some common and uniform standard,” he says — “ I hope and trust that such an effort will never prevail. In my judgment, it is far better, that the doctrines of commercial jurisprudence should, from time to time, adapt themselves to the common usages and practices and understanding of merchants, and vary with the varying courses of business, so as at once to subserve public convenience, and to mold themselves into the common habits of social life, than to assume any artificial forms, or to regulate by any inflexible standard the whole operations of trade and commerce. As new instruments arise in the course of business, they should be construed so as to meet and accomplish the very purposes for which they were designed by the parties, and not to defeat them. Checks are as well known now as bills of exchange, as a class of distinct instruments in commercial negotiations ; and he who seeks to make them identical in all respects, with bills of exchange, may unintentionally be introducing an anomaly, instead of suppressing one.”
We have reason to believe that checks in the form of that before us, are in extensive use among merchants and bankers; that they are recognized and treated by them as checks simply ; and that they contribute to the convenience of commer *96 cial transactions ; and as we find ourselves compelled by no authority to hold them otherwise, we are unwilling to do so.
It is conceded, that if the instrument sued on is a check simply, it was presented for payment in due time, and that, not being paid when presented, the defendants, as its drawers, are liable to make good its amount to the holders.

Judgment affirmed.

Scott, Sutliee, Peck and Gholson, JJ., concurred.