Scott, J.
The instrument on which, this suit is brought is, on its face, a bank-check, and not an ordinary bill of exchange. No different form or terms could have impressed that character upon it more clearly. And it does not lose that character by being postdated. Such checks are familiar to the commercial world. Whether they are post-dated to suit the convenience of the drawer or that of the drawee, they are still bank-checks, and the law applicable to them is the same. The check in this, case was intended to be negotiated, and was accordingly made payable to “ cash or bearer.” One of the characteristics of bank-checks is, that they are always supposed to be drawn upon a fund existing at their date in the hands of the drawee, and they are therefore payable on presentation without grace. Such a check is an. appropriation of a specific *79 sum, in the hands of the drawee, to the absolute use and control of the holder.
The rights and obligations (as between drawer and holder) of the parties to a bank-check differ from those of the parties to an ordinary bill of exchange. In the case of a check, the drawer is treated as, in some sort, the principal debtor; his position is assimilated to that of the maker of a promissory note, payable, at a particular place; and he is not discharged by any laches of the holder in failing to make due presentment and to give notice of dishonor, unless he has suffered loss or injury thereby, and then only pro tanto. Story on Prom. Notes, sec. 492; Edwards on Bills, 397, 398 (star paging); Mullick v. Radakissen, 28 E. L. & Eq. 94, 95; Morrisons v. Bailey and Burgess, 5 Ohio St. 18. And ordinarily the only loss arising from delay in presentment, for which the holder of a check is held responsible, is that arising from the insolvency of the drawee. Story on Prom. Notes, sec. 493; Robinson v. Hawkesford, 9 Q. B. 52; 4 Kent’s Com. 549; Morrison v. McCartney, 30 Mo. (9 Jones) 183; 2 Story, 516.
In this case, the continued solvency of the bank is not drawn *in question. It is not claimed that the drawer has lost any portion of the fund drawn against by the delay in presentment. The fair inference from the evidence is, that payment was refused by the bank at the instance of the drawer. At least, the drawee being solvent, no loss can accrue to the drawer.
If any damage has been sustained, it arises from the failure of Davis & Ouppy. Of the arrangement between them and Stewart for the payment of the check, Smith had no knowledge till after this suit was brought. He was a bona fide holder of the check for full value. He had a right to rely upon it as a valid check, drawn upon valuable consideration, and can not be affected by the equities of antecedent parties, of which he had no knowledge.
The judgment of the court below is affirmed.
Day, C. J., and White, Welch, and Brinkerhofe, JJ., concurred.