Day, C. J.
The averments in the petition will not warrant the claim in argument, that this is a case where a party himself uses a name other than his own in the transaction of his business. The most that can be claimed is, that the principal allowed the agent to sign his own name as agent in the transaction of some of the business of the principal.
Indeed, so far from the paper in suit being executed for the purpose of checking out funds for the principal, in the ordinary course of business approved by him, it was, in effect, a time-draft or bill, drawn on the 29th of July, but dated, and therefore payable, on the 11th of August. There were no funds of the principal in bank to draw against, or to set apart by check to the holder; and, for aught that is shown, it was drawn merely for the accommodation of Davis & Cuppy, to be negotiated by them for their own benefit.
The most that can be claimed for the check in the hands of the plaintiffs, as purchasers or holders thereof for a valuable *eonsideration before due, is the a2>plication of the rules axqmrtaining to negotiable 2^aper.
Whether the instrument sued upon is a check proper, or a bill of exchange, it is unnecessary for the purposes of this case to determine. Bank-checks “have become ingrafted on the commercial law of the country” (Morrison v. Bailey, 5 Ohio St. 13), and “ are in substance bills of exchange, payable on demand.” Edw. on Bills, *57; Par. Mer. Law, 91; Harker v. Anderson, 21 Wend. 373; Chapman v. White, 2 Seld. 412. The differences that distinguish these two classes of commercial paper, growing out of the uses to which they are ordinarily applied, do not affect the question involved.
It is undoubtedly well settled that, where an ordinary single contract is signed by an agent in his own name, with the addition of the word “agent” thereto, the principal maybe made liable thereon, whether his name apxoears on the paper or not. Story on *119 Agency, see. 160a, and authorities there cited. But, for commercial reasons, a distinction is taken, in the authorities, between contracts of this class and negotiable paper. As to bills of exchange, it is said that the agent “ must either sign the name of the principal to the bill, or it must appear on the face of the bill itself, in some way, that it was drawn for him, or the principal will not be bound.” Edw. on Bills, *80; Chitty on Bills, 27.
The question as to the liability of the principal, on paper executed by an agent in his own name, was well considered, by the Supreme Court of Massachusetts, in the cases of the Eastern Railroad Company v. Benedict, 5 Gray, 561, and the Bank of America v. Hooper, Ib. 567.
In the latter case, it is said that “ there will be found to be a leading distinction taken between cases of commercial paper in the form of bills of exchange, and negotiable promissory notes and other simple contracts, holding that no one but a party to such negotiable paper can be sued for the non-payment thereof.” In support of this distinction the following authorities are there cited : Byles on Bills (5 ed.), 26; Emly v. Lye, 15 East, 7; Becham v. Drake, 9 M. & W. 92; Pentz v. Stanton, 10 Wend. 276; Stackpole v. Arnold, 11 Mass. 27; *Bedford Com. Ins. Co. v. Covell, 8 Met. 442; Taber v. Cannon, Id. 456.
The case of De Witt v. Walton, 5 Seld. 571, decided by the New York court of appeals, is a strong case to the same point. It was a suit brought on a negotiable promissory note, signed “ David Hub-bell Hoyt, agent for The Churchman.” Hoyt was an agent for a newspaper called “ The Churchman,” and was authorized to contract for the proprietor in that name, and the suit was against the proprietor, Hoyt’s principal. It is said in the opinion, that “ the good sense of many authorities upon this subject would seem to be, that, where a party is sought to be charged upon an express contract, it must at least appear upon the face of the instrument that the agent undertook to bind him as principal. Here the promise is not by the defendant or ‘ The Churchman,’ nor by Hoyt for them or either of them, or in their behalf, but for himself. The formula used by him in the-signature to the note in controversy has been determined, in this and other states, to create an obligation on the part of the agent personally, and not in behalf of the principal. There is no great hardship in requiring that if a man undertakes to oblige another, by note, bill of exchange, or other commercial in *120 strument, he should manifest his purpose clearly and intelligibly, or that his principal will not be bound, whatever may be the result in reference to himself.”
It was further held in this case, that the words added to the name of the person signing the paper were merely descriptio persones.
The principle maintained in these cases, it is said by the author of the notes in Smith’s Leading Cases (vol. 2, p. 433), “ would seem to be well settled on both sides of the Atlantic.”
These principles, applied to the. case before us, are decisive of it.
The name of the defendant is in no way indicated upon the face of the instrument upon which alone the action is based.
It follows, therefore, that the ruling of the court below was ^correct, and that the judgment rendered by it must be affirmed.
White, Welch, Brinkerhopp, and Scott, JJ., concurred.