Barbour, J. (dissenting.)
This is a motion for judgment upon a verdict in favor of the plaintiffs, rendered at a jury term by direction of the presiding justice, the exceptions taken on the trial to be heard first at general term.
The action was brought to recover the difference (less $3500) between the contract price and the market value of 10,000 Louis d’or thalers exchange on Bremen, which the defendants had, in May, 1864, contracted with the plaintiffs to sell and deliver to them, at 130, on or before the 31st of July then next, at seller’s option.
Upon the trial,- there was sufficient evidence, if credited by the jury,, to establish the following facts:
On the 28th or 29th of July, one of the plaintiffs, Mr. De Neufville, called upon Mr. Koop, one of the defendants, and was informed by him that his firm was unable to perform its obligations or to deliver the exchange for the present, because of the high price of gold; and it was thereupon agreed, between the parties, that the defendants would pay to the plaintiffs $3500, and that, in consideration thereof, the latter would release their claim under the contract, and that if the defendants should thereafter be able to do so, they would undertake, as a matter of honor, to pay to the plaintiffs such further amount as, with the $3500, should be equal to seventy-five per cent of the entire difference between the contract price and the market value of the exchange; such difference to be' ascertained by the purchase in market of like exchange. It was also understood between the parties that the $3500 was to be borrowed by the defendants from their friends, for the purpose of such arrangement. On the 30th of July, being Saturday, the defendants, having obtained the checks of their friends, to be so applied, sent the $3500, including $3000 in such checks, to the plaintiffs. On the 31st, the plaintiffs purchased the 10,000 thalers exchange, in the market, at 194, *24 making a deficiency, in all, of $6400; and, on the same day, advised the defendants, by letter, of that fact, and demanded payment of that amount, less the $3500. There was no allegation in the complaint that the plaintiffs ever demanded the exchange, or that the defendants were able to pay the balance of the seventy-five per cent; but the plaintiffs rely, solely, upon the original contract and its nonperformance ; claiming that the arrangement for the payment and receipt of a less sum than the actual difference was, at best, but an attempted accord and satisfaction, which was inoperative and void for want of consideration, and that, therefore, the $3500 must be regarded as a payment, fro tanto merely, upon their claim for the entire , difference.
The defendants were not bound to deliver the exchange until Monday, the 1st of August; inasmuch as the contract was one of the class upon which days of grace are allowed. (Salter v. Burt, 20 Wend. 205.) The fact that they informed the plaintiffs, on the 28th or 29th of July, that' they were then unable to deliver it, and were, for the present, unable to. perform their obligations, did not accelerate the day of performance, nor impair their legal right to deliver it on Monday, in case exchange should fall in value, or if, for any other reason, they should see fit to hand it over. For, that was a mere naked statement, without consideration or mutuality; and, therefore, in no manner affected the original contract, or impaired the obligation of the defendants to deliver, or of the plaintiffs to receive and pay for the exchange, on or before the 1st of August. When the compromise agreement was made, therefore, the plaintiffs held a contract for the delivery of bills of exchange at a future time, which might or might not be performed by the defendants. If gold should fall below 130 before Monday the 1st of August, the exchange would be delivered; or, if not delivered, no damage, probably, would accrue to the plaintiffs. So long as that contingency existed, the value of the contract to the plaintiffs, must, of course, have been purely *25 speculative—a mere matter of opinion; and I see no reason why they could not, without violating any rule applicable to a case of accord and satisfaction, orally release whatever claim they might have, in consideration of the present payment of any sum agreed upon, and the conditional promise of the defendants to pay a further amount upon the happening of a future event or contingency, in ease a purchase of 'similar exchange in the market should determine that any further sum would be due to the plaintiffs.
But the parties went beyond that in this case; the agreement being, that the defendants would pay to the plaintiffs $3500, if—that is, upon condition—the latter would release their claim; and that, if able thereafter, they would make it up to seventy-five per cent. It was the payment of the $3500, alone therefore, that entitled the defendants to a release; and that money having been paid, all claims of the plaintiffs under the original contract are thereby fully satisfied and discharged. It follows, that the direction of the learned justice to find a verdict for the plaintiffs was erroneous, and that such verdict should be set aside, and a new trial had.
. In the view I have taken of the case, it is unnecessary to consider the further questions presented by the counsel for the defendants, upon the argument.
Judgment affirmed.