## SUPREME COURT.

GEORGE WEST and another agt. JOHN T. LEE and another.

*Promissory notes — indorser — when discharged.*

The provisions of the act of May 22, 1873, that promissory notes payable on Sunday should be deemed to be due and payable on the business day next succeeding, is abrogated by the amendment of May twenty-nine of the same year.

Bills and notes, when days of grace are given, and the third day falls on Sunday, are still payable on the previous Saturday, according to the custom of merchants.

*Trial Term, December,* 1875.

ACTION tried before the court without a jury.

*Walsh, Halbert & Eckerson,* for plaintiff.

*E. P. Wilder,* for defendant.

VAN VORST, *J.* — The action is to recover of the indorser the amount of a promissory note. The note fell due on Sunday, March fourteen. It was not presented for payment to the maker until Monday following. It is now objected on the part of the defendant, that the demand should have been made on the Saturday previous, and that the indorser is discharged by the failure to demand payment on that day.

In *The Grocers' Bank* agt. *McKinley,* tried in April, 1874, in this court, I had occasion to examine the acts of 1873, to which I am now referred, relating to the demand of payment of promissory notes falling due on "Sunday" or "any holiday."

VOL. L    40

West agt. Lee.

Such examination showed that the act of May 22, 1873 (*Session Laws, page* 891), is amended by the act of May twenty-nine of the same year (*page* 994), by the substitution of a new section in the place of the second section of the act first above named. The amendment consists exclusively in leaving out the words " on Sunday or."

By this amendment the provision contained in the act of May twenty-two, declaring that notes payable on Sunday should be deemed to be due and payable on the business day next succeeding the day of the maturity, is abrogated. Bills and notes, when days of grace are allowable, and the third day falls on Sunday, are still payable on the previous Saturday, according to the custom of merchants. (*Salter* agt. *Bush,* 20 *Wend.,* 205 ; *Edwards on Bills, page* 529).

There should be judgment for defendant.