## MORRIS *et al.* .V. BAILEY.

Comp. Laws, § 4492, providing that the apparent maturity of a negotiable
    instrument is the next day after that which by its terms it becomes due
    when that is a holiday, does not make the last day of grace of a note
    made payable on Sunday four days after such Sunday, as the section
    does not apply to instruments entitled to days of grace.

(Opinion filed, March 5, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W.
JONES, Judge.

Action against maker and indorser of a promissory note.
Plaintiffs had judgment and defendant Bailey appeals. Re-
versed.

The facts are stated in the opinion.

*Aikens, Bailey & Vorhees,* for appellant.

*Hosmer H. Keith,* for respondent.

CORSON, P. J.   This was an action upon a negotiable
promissory note, instituted by the plaintiffs, as indorsees,
against the maker and indorser. Judgment was rendered in
favor of the plaintiffs, and the indorser appealed.

The note bears date June 27, 1895, and by its terms was
made payable on December 1, 1895. which was Sunday. The
note, being one entitled to days of grace, was presented for
payment and protested on Decemcer 5th.   Appellant contends
that the note was presented one day too late, and that he was
therefore discharged as indorser. The respondents contend
that by the provisions of Section 4492, Comp. Laws, this note
by its terms, as provided by that section, did not become due
until Monday, the 2d, and that the last day of grace was the
5th. and not the 4th, as contended by appellant.   That section
reads as follows:   "The apparent maturity of a negotiable in-
strument, payable at a particular time, is the day in which by
its terms it becomes due; or, when that is a holiday, the next
business day."

We are of the opinion that instruments entitled to days of grace are not included in that section, and that the section only applies to instruments not entitled to grace. As is well known, our Civil Code is substantially a copy of the Civil Code prepared by commissioners for the state of New York, and in interpreting our Code we are greatly aided by the notes of the commissioners made to that Code. Section 4432 corresponds to Section 1749 of the Code referred to, and the commissioners, in their notes to that section, cite Salter v. Burt, 20 Wend. 205, as the authority upon which that section is based. In that case the court had under consideration the question as to when a postdated bank check, that by inadvertance was dated on Sunday, should properly be presented for payment in order to discharge the indorser,—bank checks not being entitled to days of grace. Mr. Justice Bronson, in delivering the opinion, said: "But when there are no days of grace, and the time for payment falls on Sunday, the debtor may, I think, discharge his obligation on the following Monday." And he cites with approval Avery v. Stewart, 2 Conn. 69, in which the supreme court of Connecticut held the same doctrine as to an instrument not entitled to grace. The commissioners recommended that no days of grace be allowed, and provided by Section 1781 of the proposed Code, that "days of grace are not allowed." The evident object and purpose of Section 4492, therefore, was to definitely fix the time when negotiable instruments not entitled to grace should become due. This, as will be noticed by the cautious language of Judge Bronson, was not apparently settled prior to his decision in 1838; and by Campbell v. Assurance Soc., 4 Bosw. 298, referred to in note of commissioners, it was not entirely free from doubt as late as 1859. But as to instruments entitled to days of grace an entirely different rule prevailed. Such instruments were regarded as due on the last day of grace, and, when that day fell on Sunday, the presentment, demand and notice were required to be on the day preceding, and no notice was taken of the nominal day of payment

specified in the instrument. In other words, days of grace were regarded as a part of the instrument itself for all practical purposes. Bank v. Wager, 2 Cow. 712. "When days of grace are allowed on a bill or note, and the third day falls on Sunday, the bill or note is payable on the previous Saturday." Salter v. Burt, *supra.* In Wooley v. Clements, 11 Ala. 220, the supreme court of Alabama says: "If, however, the nominal day of payment, in an instrument which is entitled to grace, happens to fall on Sunday or on a holiday, the days of grace are the same as in other cases, and payment is not due until the third day after." This, we think, states the correct doctrine. This decision is cited with approval by Mr. Parsons in a note in his work on Contracts. 1 Pars. Cont. 283.

1t is true that the commissioners, in their note to Section 1749, say, if their recommendations in regard to days of grace are not adopted, it will be necessary to add, "The usual days of grace are to be added." But the revisors of our Code did not add these words, and treated the subject of days of grace in an independant section; clearly indicating that they did not deem it properly connected with the section, or as having any relation thereto. Taking into consideration the fact that no act is to be done or performed by the maker of an instrument entitled to grace until the last day of grace, there would seem to be no necessity for the application of the rule laid down in Section 4492, and, in fact, its application to such an instrument, would only cause confusion and uncertainty as to legal rules long settled and clearly defined. While days of grace were allowed by the custom of merchants, in early times, as a matter of favor, they have been so long established and recognized by the courts as to practically become a part of the instrument itself, and such an instrument by its terms falls due on the last day of grace, unless that day is a holiday. When the revisors of our Code took up the subject of days of grace, they made material changes in the then existing law as to the time for demands and protest. Section 4524 reads as follows: "Days

of grace are allowed unless there be an express stipulation to the contrary, as follows: (1) On all bills of exchange, or drafts, payable at sight, whether foreign or inland, the party or parties upon whom the same are drawn shall have three days of grace after presentation for payment of the same; but Sundays and holidays are excluded from the computation of the aforesaid days of grace, the like days of grace to be computed as above, shall be allowed for the payment of all promissory notes, bills of exchangs, and drafts, on the face of which time is given or specified; and (3) notes due on demand shall also be subject to the like days of grace, in manner as aforesaid, after demand is made for the payment of the same." It will be observed that Sundays and all other holidays are excluded in computing days of grace, and that, when the last day of grace falls on a Sunday or other holiday, the party has the following business day in which to make presentment and protest.

We have not deemed it necessary to discuss Section 4752, called to our attention by counsel for respondents, for the reason that it has no particular bearing upon this case. It tends to show the design of the revisers to eliminate from the law all uncertainty that formerly existed regarding the effect of holidays upon the time when performance of contracts or acts appointed by law should be performed. Limiting Section 4492 to negotiable instruments not entitled to grace, Section 4524 to instruments entitled to grace, and Section 4752 to contracts generally and acts appointed by law, a complete system seems to be provided as to the time of performance, clearly and definitely defined. The learned supreme court of Minnesota, in Roberts v. Wold, 63 N. W. 739, a case which involved the construction of Sections 4492 and 4524, arrived at the same conclusion reached by this court, namely, that Section 4492 did not include instruments entitled to days of grace. Our conclusion is that the last day of grace on the note in controversy in this action was December 4th, and, not having been presented for payment and protest until the 5th, the indorser

was discharged.   The judgment of the circuit court is reversed as to the defendant C. O. Bailey, and a new trial ordered.