Morris *et al.* v. Union Nat. Bank of Sioux Falls.

A note payable on Sunday was left at defendant's bank, before maturity, for collection, with instructions to protest the same in case of nonpayment. The note was protested on the Thursday following its maturity, which, in an action on the note, was held to be too late to hold the endorser. *Held*, that the bank was bound to exercise a reasonable degree of skill, only, and the question of law involved being one of serious doubt and difficulty, owing to the condition of the statutes relating to holidays and days of grace, the bank was not liable to the holder of the note for the damages sustained by reason of the release of the indorser.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by A. W. Morris and another against the Union National Bank of Sioux Falls for damages sustained on account of delay in protesting a promissory note. From a judgment for defendant, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Keith & Warren*, for appellants.

A bank is liable for the negligence of a notary public employed by it to make presentment and protest. Ayrault v. Bank, 47 N. Y. 573; Allen v. Bank, 34 Am. Dec. 289; Gerhardt v. Saving Institution, 90 Am. Dec. 407; Thompson v. Bank, 30 Am. Dec. 354; Davey v. Jones, 42 N. J. L. 28; Bank v. Ober, 3 Pac. 324.

*Davis, Lyon & Gates*, for respondent.

A bank is not liable for the negligence of a notary public to whom it gives a note placed with it for collection, for presentment and protest. 3 Am. & Eng. Enc. 2nd Ed. 808; Button v. Nichols, 104 U. S. 757; Baldwin v. Bank, 45 Am. Dec.

72; Dorchester v. Bank, 1 Cush. 177; Bowling v. Arthur, 34 Miss. 41; Stacey v. Dane, 12 Wis. 702; Plymouth v. Gilman, 68 N. W. 735.

HANEY, J. Plaintiffs owned a note payable, according to its terms, on Sunday, December 1, 1895. Shortly before that date it was left at defendant's bank, and was protested for nonpayment on Thursday December 5th. In an action against an indorser this court held that it should have been presented and protested one day earlier. Morris v. Bailey, 10 S. D. 507, 74 N. W. 443. Plaintiffs now charge defendant with having negligently omitted to make presentment and protest in time, and seek to recover the balance due upon the note. The court below directed a verdict for defendant, and denied an application for a new trial, and plaintiffs appealed.

It is alleged in the complaint ":that shortly prior to the 1st day of December, 1895, and a few days before the maturity of said note, these plaintiffs delivered said note to the defendant bank for collection, with instruction to protest said note in case of nonpayment of same at maturity, and to give all necessary and proper notice to charge the indorser on said note." This allegation is supported by the positive testimony of one of the plaintiffs. It is denied by the answer, and defendant offered evidence tending to prove that its book-keeper, a notary public, and not itself, was employed by plaintiffs to make the presentment and protest. It cannot be presumed that the verdict was directed upon this issue, as the evidence touching it is, to say the least, conflicting, and the cause should have been submitted to the jury, unless for other reasons the plaintiffs could not recover. Assuming that defendant, and not its book-keeper, was

employed to take all necessary steps to charge the indorser;
that by reason of its failure to make demand and protest at the
proper time, the indorser was released; and that, in consequence
of defendant's mistake, plaintiffs have been unable to collect
the balance due upon their note—the question arises whether,
under all the circumstances disclosed by the evidence, the de-
fendant should respond in damages for the loss thus occasion-
ed.    It is evident that the officers of the bank and its employes
acted in good faith under an honest mistake as to the law ap
plicable to such notes in this state.    It appears that the learned
circuit court, in an action against an indorser, decided that the
course taken by defendant was strictly in accordance with law;
and the opinion rendered by this court conclusively shows that
the question of law involved was one of serious doubt and diffi-
culty, owing to the condition of the statutes in this state relat-
ing to holidays and days of grace.    Morris v. Bailey, *supra.*
It would hardly seem just to hold defendant responsible for an
error of judgment concerning a matter that has given the
courts so much trouble, and regarding which there was so much
room for honest difference of opinion.    Certainly the circuit
court was justified in refusing to hold a layman liable in dama-
ges for deciding a question of law in the ordinary course of his
business in the same way that the court decided it after having
had the assistance of exhaustive arguments by counsel of
recognized learning and ability.    If defendant was employed
to protest plaintiffs' note, without any direction as to the time
when presentment should be made, and it undertook the em-
ployment for a good consideration, it was bound to perform the
service, to use ordinary care and diligence therein, and to exer-
cise a reasonable degree of skill.    Comp. Laws, §§ 3758, 3763.

The nature of the employment demanded of the employe such knowledge of the law and customs relating to the collection of promissory notes as is usually possessed by persons engaged in the banking business, and the exercise of such care, diligence, and skill as are usually exercised by persons engaged in that business. If defendant possessed such knowledge, and exercised such care, diligence, and skill, it was not guilty of culpable negligence, and is not liable in this action. *Id.*, § 3770. In a case strictly analogous to the one at bar, Chief Justice SHAW, speaking for the supreme court of Massachusetts, uses this language: ''In general, the rules of law in regard to the presentment of bills of exchange and promissory notes for payment, and for giving notice to indorsers in case of dishonor, are so plain and simple, so well known by notaries public, cashiers of banks, attorneys and brokers, that any failure to comply with them by an agent acting in behalf of another would carry with it such proof of either want of skill or want of ordinary diligence as to render him liable to his principal. It is therefore often laid down, in general terms, that when the holder of a bill or note has lost his remedy, by these means, against a responsible party, and thereby sustained damage, he has his remedy against his agent. But the specific question to be considered is whether in all cases an agent is bound to know the rules of law, and conform to them at his peril, in the transaction of his employer's business, although the course of proceeding may depend upon statute provisions so recently passed as not to be generally known, or decisions of those courts, whose judgments are usually regarded as precedents and rules of practice, either not promulgated at the time, or so recently given as not to be generally known among business

men. It is undoubtedly a salutary maxim that every man is bound to know the law, and that ignorance of the law excuses no one, yet these maxims must be confined to the cases for which they were adopted. In the criminal law a man is estopped from setting up his ignorance of the law as an excuse for its violation, because it is his duty to inform himself. So, in regard to his own rights, in dealings with others, he must at his peril, ascertain his legal rights, and must be presumed to act in conformity to them; otherwise, there would be no safety for others in dealing with him. But the maxim has no application to the duty of an agent, of whom ordinary skill, only, is required. Reasonable skill and knowledge, only, is demanded in every other branch of science. Why should absolute knowledge and consummate skill be required in a department where it is often impossible to know the law, in its application to a particular state of facts, until it has been authoritatively declared?" Mechanics' Bank v. Merchants' Bank. 6 Metc. (Mass ) 13. This reasoning is sound. It would be unreasonable to hold a banker personally responsible for an error of judgment regarding a question of law upon which able lawyers and judges disagreed before its settlement by the state supreme court. Had any lawyer made the same mistake, no one would seriously contend that he should respond in damages. How, then, can a layman be held liable? We think, in any view of the evidence, the plaintiffs were not entitled to recover, and the judgment of the circuit court is affirmed.