## MUSSINA *a.* STILLMAN.

*Supreme Court, First District; General Term, September,* 1861.

### MOTION TO STRIKE OUT A PLEADING.

Where a defendant applied for leave to serve an amended answer, and upon the motion served a copy of his proposed answer, to which no objection was made ; —*Held,* that the plaintiff was precluded from moving to strike it out as false. Where an answer contains general denials, it will not be stricken out as false.*

Appeal from an order refusing to strike out an answer.

This action was commenced in October, 1856, and issue was joined in March, 1858. In May, 1859, the defendant served a

---

* Compare People *a.* McCumber (18 *N. Y.,* 315) ; Elizabethport Manufacturing Company *a.* Campbell (*Ante,* 86).

In MILLER *a.* HUGHES (*Supreme Court, Second District ; Special Term,* 1860), it was *Held,* that though an answer on defendant's knowledge should not be struck out as sham, yet where the allegations are on information, and set up a transaction between the plaintiff and third parties, and are denied by affidavits of such parties, the answer should be struck out, unless defendant puts in an affidavit of merits and additional affidavits showing good faith.

SCRUGHAM, J.—The answer sets up new matter on information and belief. It is verified. The plaintiff moves to strike it out, on the ground that it is sham, irrelevant, or frivolous. I do not think it either irrelevant or frivolous.

Where an answer states a sufficient defence upon the knowledge of the defendant, I think it would be unsafe to strike it out as sham, and especially since the statute allowing parties to be witnesses in their own behalf ; for the defendant would be allowed to testify in regard to it on the trial, and if contradicted, a better opportunity of eliciting the truth would then be afforded by the oral examination of the witnesses, than can be had on the hearing of a motion where the evidence is by affidavit.

But where the statement is of a transaction between the plaintiff and third parties, and is made upon information and belief, as in this case, and is contradicted by the affidavits of all the parties to the alleged transaction, and they the very same persons whom defendant would be obliged to call as his witnesses on the tria. to prove the truth of his statement made in his answer, and which their affidavits deny—a motion to strike out the answer as sham should not be denied, unless, in addition to the verification of the answer, the defendant puts in an affidavit of merits, and such additional affidavits as would be likely to convince the court that his answer had been put in in good faith.

In BELL *a.* OGDEN (*Supreme Court, First District ; Chambers November,* 1861), it

copy of proposed amended answer, with notice of a motion for leave to amend, which motion was granted. Several commissions were subsequently issued to take the testimony of several witnesses, and among others the plaintiff. On the return of the various commissions, plaintiff moved on affidavits, and upon the defendant's testimony, at special term, to strike out the answer as false, sham, and frivolous. The motion was denied, on the ground that the plaintiffs were too late in making their motion, testimony having been taken and the cause reached upon the calendar. The plaintiff took the present appeal.

*Lorenzo Sherwood,* for the plaintiff.—I. It is the privilege of the plaintiff to move to strike out a false answer at any time before a trial. (Brewster & Bostwick *a.* Hall, 6 *Cow.,* 34 ; Belden *a.* Devoe, 12 *Wend.,* 223.) The law abhors the practice of attempting to try a cause upon a false issue ; and every attempt

---

was *Held* that a *part* of an answer cannot be struck out as sham, nor can a part of an answer be struck out as irrelevant or redundant, unless the motion therefor is made within twenty days after service of the answer ; and also, that it requires but slight circumstances to prevent a denial from being struck out as sham.

The case came up on a motion to strike out new matter in the answer,—part of it, on the ground that it was sham and frivolous, and part of it as being sham and irrelevant.

BARNARD, J.—A previous motion for judgment, on this answer, has been denied.

It is now moved to strike out the new matter in the answer as sham and frivolous, and the remainder as sham and irrelevant. The Code gives no authority for striking out part of an answer as frivolous. It only authorizes a motion for judgment on that ground, in case the whole answer is frivolous.

Such a motion has been made and denied. The Code, however, does authorize parts of an answer to be stricken out as irrelevant or redundant, but by Rule 50 the motion must be made within twenty days after the service of the answer. In this case, the notice of motion was not served till after the expiration of twenty days from the service of the answer. So far as this motion is founded on the frivolousness or irrelevance of the answer, or parts thereof, it must, for the reasons above stated, be denied.

The new matter contained in the answer is not false, and, therefore, not sham.

[After commenting on the conflict in the affidavits, his honor continued] : .

These circumstances are quite sufficient to justify the defendant in making the allegations and denials respecting the transfer of the note which he has. It requires but slight circumstances to prevent a denial of the plaintiff's allegations from being stricken out as sham.

Indeed, were it not for the decision in the case of The People *a.* McCumber (18 *N. Y.,* 315), I should hold that an answer denying a material allegation of the complaint cannot be stricken out as sham.

Motion denied, with $10 costs.

to foist upon the court a false answer, when exposed, has met with the sternest rebuke of our courts, both before and after the Code. (See *Code*, § 152; People *a.* McCumber, 18 *N. Y.*, 315; Brewster & Bostwick *a.* Hall, 6 *Cow.*, 34; Belden *a.* Devoe, 12 *Wend.*, 223; Broome County Bank *a.* Lewis, 18 *Ib.*, 565; Darrow *a.* Miller, 5 *How. Pr.*, 247; Thorn, &c. *a.* N. Y. Central Mills, 10 *Ib.*, 19; Manufacturers' Bank *a.* Hitchcock, 14 *Ib.*, 406; Nichols *a.* Jones, 6 *Ib.*, 355.)　The English authorities are equally explicit.

II. Under the construction given to the law of practice by the Court of Appeals, a party is not now allowed, as formerly, to put in a general denial which is false. It matters not whether the denial be general or special, or contain matter set up by way of avoidance. If false, it is equally opprobrious, and falls within the reason for cutting up by the roots the whole practice of false pleading. (The People *a.* McCumber, 18 *N. Y.*, 315.)

III. An ordinary affidavit, to the effect that the defendant has a good defence on the merits, is of no avail on this motion. It is the pretended defence spread on the record. As was well said in the case of Nichols *a.* Jones (6 *How. Pr.*, 355), before cited, the defendant is called on to meet the charge of falsity "directly and distinctly." And it may also be added, "without evasion." The cases of Belden *a.* Devoe (12 *Wend.*, 223), Cutler *a.* Biggs (2 *Hill*, 409), and 1 *How. Pr.*, 166, are directly in point.

IV. It is no answer to the motion, or ground of objection to hearing it, that it was not made at an earlier day, or that the defendant has put himself to great expense in his preparation to sustain a false answer. When did a court of justice ever listen to a wrongdoer's argument to stay the arm of justice, grounded on the steps he himself had taken, to prevent his iniquity from being traced?

*Lot C. Clark*, for the defendant.—I. This is not an appealable order within section 349 of the Code, and the appeal should be dismissed. The motion was not heard upon its merits, but was decided on a preliminary objection to the hearing, on the grounds: 1. That the plaintiffs were too late in making the motion. 2. That the hearing of the motion, on the papers on which it was noticed by plaintiffs, would virtually involve an

examination of the merits, in order to determine the truth or falsity of the answer. 3. That the plaintiffs had not served the defendants with copies of the papers on which the motion was founded. These grounds involved merely questions of practice, and were addressed to the discretion of the court. (JAMES, J., in Titus a. Relyea, 8 *Abbotts' Pr.*, 177.)

II. But had the motion been heard on its merits and denied, the order would not have been an appealable one. It did not "involve the merits of the action," or "affect a substantial right." An order striking out portions of a pleading, if the portion stricken out affects the rights of a party, is appealable, but not an order refusing to strike out. (Whitney a. Waterman, 4 *How. Pr.*, 313; Bedell a. Stickles, 3 *Code R.*, 105.) If the court decides to entertain this appeal, then we say the order below should be affirmed.

III. The plaintiffs have been guilty of gross laches in not making this motion at an earlier day. By noticing a cause for trial, a party admits his adversary's pleading is sufficient. (Esmond a. Van Benschoten, 5 *How. Pr.*, 44.)

IV. The amended answer which is sought to be stricken out, was allowed by the court to be put in on motion, after notice and service of a copy on the plaintiffs' attorney. The plaintiffs did not then reserve the right to move to strike out the answer, nor do they show that any new matter has come to their knowledge since the former motion. Without one or the other, they have no right to move. (*How. Code*, 657; Willet a. Fayerweather, 1 *Barb.*, 72; Dollfus a. Frosch, 5 *Hill*, 493.)

By THE COURT.*—INGRAHAM, J.—The objection to the falsity of the allegations made in the answer should have been taken when the motion was made for leave to put in the amended answer. A copy of it was served, the plaintiff had the opportunity of seeing its truth or falsity, and he should then have objected to its being put in; not having done so, he is precluded afterwards from making a motion to strike it out.

It is also a serious objection to such a motion, that it is founded on the examination of witnesses in the cause; and it in fact amounts to a trial of the case, if the court can be called upon to

---

* Present, CLERKE, P. J., GOULD and INGRAHAM, JJ.

try whether an answer is true or not, according to the testimony of witnesses examined in the cause.

On looking at the answer, it appears that many of the denials are general. Where this is so, an answer will not be stricken out as false.

Although the order appealed from was not made on this ground, the motion should on that account have been denied.

The order appealed from should be affirmed with costs.

---

## JEWETT *a.* CRANE.

*Supreme Court, First District; General Term, September,* 1861.

### PRINCIPAL AND SURETY.—UNDERTAKINGS.—LIABILITY OF SURETIES.

Sureties may be let in to defend on the merits in the place of their principal, in an action against him, even after a regular judgment, if it be necessary for their protection, on suitable application and excusing laches.

Where the defendants had executed an undertaking, pursuant to section 240 of the Code, to procure the discharge of an attachment against the property of a third party, and the court had directed the third party to furnish further sureties, which he had not done, and judgment had been entered against him by order of the court as for want of an answer,—*Held*, that the sureties were not discharged.

Appeal from a judgment.

The plaintiff in this action, in December, 1854, commenced an action in this court against one Sprague, and in that action procured, on the 13th of December, an attachment to be issued against the property of Sprague as a non-resident. To procure the discharge of that attachment, the defendants in this action executed an undertaking in the usual form, and subsequently, on the 9th of February, 1855, Sprague put in his answer to the complaint in that action, and the plaintiff subsequently, and on the 29th of September, 1855, on an affidavit claiming that the defendant Whitman was a minor under the age of 21 years when