By the Court,
Moncrief, J.
Without proof of the presentment, demand, and nonpayment and notice to the defendant, the plaintiff cannot recover against him as the indorsee of the note. (4 Denio, 460.) In Mussina v. Stillman, (13 Abb. Pr. 93,) it was held that even where it appeared by an answer that many of the denials were only general,, it would not be *655 stricken out as false. It was held, in Bailey v. Lane, (Id. 354,) that the denial by the answer of presentment, demand, protest and notice, was sufficient, and it should stand, The denial in the answer of notice of such steps having been taken, was, therefore, material. The certificate of the notary is made by statute presumptive evidence only of the matters therein stated as to presentment, &c. and the presumption ceases when, as in this answer, the defendant positively denies that he received a notice. It is quite obvious that the notary cannot testify that the defendant received, the notice, although he may have sent it by mail, addressed to the defendant at his place of residence. It is not pretended that the defendant was personally served with a proper notice by the notary. The order refusiúg to strike out the. answer as false and sham, was clearly right, and should be affirmed, with $10 costs, and disbursements for. printing.