## WARNICK vs. CRANE.

A notarial certificate is evidence of the presentment of a note for payment only where the notary himself made the presentment; and where in his certificate he stated that he had *caused* the note to be presented, it was held not to be evidence of the fact.

ERROR to the Montgomery common pleas, to review a judgment of that court affirming a judgment for the plaintiff rendered by a justice of the peace. The action was on a promissory note made by one Warren, payable to the order of Warnick, the defendant, ninety days after date, at the Farmers' Bank of Amsterdam, and endorsed by the defendant. The only question was upon the evidence of presentment to the maker for payment. To prove this the plaintiff gave in evidence a certificate of a notary public, which stated that on the proper day he had *caused* the note to be presented at the bank at which it was payable, for payment, which was refused, and that he gave notice to the defendant through the post office. The defendant did not appear at the return of the summons, and the cause was tried *ex parte*. The plaintiff having prevailed in the justice's court and in the common pleas, the defendant brought error here.

*Belding & Cochran*, for the plaintiff in error.

*D. P. Corey*, for the defendant in error.

*By the Court*, BEARDSLEY, J. The defendant could only be charged as endorser of the note by proving that it had been

presented for payment at the proper time and place, and payment refused, and that he had due notice of these facts. No evidence but the notarial certificate was given to show that this note had been presented for payment; and the certificate in this respect is defective. It merely states that the notary *caused* the note to be presented for payment, which was refused. This certificate plainly imports that the presentation was not by the notary, but was by some one else acting for him, and under his authority and direction. But the statute does not make such a certificate evidence. It must, in order to satisfy the statute, show a presentation *by the notary himself.* (*Laws of* 1833, *ch.* 271, § 8.) This mode of proof is in derogation of the common law: and it must appear that the statute has, in all respects, been complied with. The defect stated is fatal. The judgments of the C. P. and of the justice must be reversed.

Judgments reversed.