## Rue *vs.* Alter.

Necessary *food for a team* is not exempt from levy and sale on execution.

Statutes, exempting portions of a debtor's property from liability for his debts, are in derogation of the common law, and are not to be extended by an equitable construction.

Error to the Montgomery common pleas. ·The cause originated in a justice's court, where Alter as plaintiff recovered a judgment against Rue in an action of trespass *de bonis asportatis*, which judgment the common pleas affirmed on *certiorari* brought by Rue; who thereupon prosecuted this writ of error. In the court below the defendant justified the taking of the property in question, which consisted of crops of corn and oats growing, as a constable, by virtue of a judgment and execution against the plaintiff. The plaintiff was a householder, &c.; and he proved that the corn and oats, which he was cultivating on the lands of another person, would be necessary for feeding a team which he owned and kept. He had also a cow and some swine, and sufficient to feed them without resorting to the corn and oats, so that the question was whether the act of 1842 (*Stat. p.* 193) exempted the necessary food for a team, where the debtor had one, from execution.

*Genter & Cook*, for the plaintiff in error.

*J. Wendell*, for the defendant in error.

*By the Court*, McKissock, J. The only question in this case is whether necessary food for a team, exempt from execution under the law of 1842, is also exempt. By the provision in the revised statutes on this subject, among other property " one cow and two swine and the necessary food for them," are exempt. (2 *R. S.* 367, § 22.) The act of 1842 declares that " in addition to the articles now exempt by law from distress for rent or levy and sale under execution, there shall be ex-

Rue *v.* Alter.

empted from such distress and levy and sale necessary household furniture and working tools, and team owned by any person being a householder or having a family for which he provides, to the value of not exceeding $150." Nothing is said respecting food for the team. Now, if the revised statutes had in like manner been silent as to food for the cow and swine, what would it have been short of direct legislation in the court to have held that it should be exempt, because it would be convenient, reasonable and proper? It would be equally if not more unwarrantable in the present case to pronounce in favor of the exemption of food for the team. The legislature is not presumed to insert or omit provisions in a statute without design, at any time; but this is more especially so where the change would make the enactment hostile to previous legislation on the same or a kindred subject. Besides, the statutes exempting a debtor's property from the payment of his debts are not remedial in the ordinary sense, so as to require them to be construed with any peculiar liberality. They are in derogation of the common law, and confer immunities and privileges contrary to its general maxims. The interpretation therefore is to be according to what is written, or what is plainly or manifestly to be implied from what is written. The court is not to speculate on what are the evils to be provided against, and thus come to a conclusion, in conformity to what a liberal and munificent spirit, or perhaps a more enlightened judgment than that displayed in the legislative provision would approve. No food for a team can be held exempt from execution under the law of 1842.

Judgment reversed.