*Cole v. Jessup.*

---

---

SAME TERM.   *Before the same Justices.*

## COLE *vs.* JESSUP.

The book of a notary public, kept by his clerk, containing entries of the daily transactions of the notary, in the course of his business, and made by his clerk at the time, is admissible in evidence for the purpose of proving the taking of the requisite steps to charge an indorser, in connection with the oath of the clerk; although the latter swears that he has no recollection of having made the entries, or performed the service, but that the entries would not have been made if he had not done what is there stated.

When it is intended that a notarial certificate of the protest of a promissory note or inland bill of exchange shall be used as evidence of the facts therein contained, the acts which it attests must be those of the *notary,* and of him alone.

When the steps necessary to charge an indorser have been taken by a notary,

in person, his entries in his register, signed by him, will be secondary evidence, and presumptive evidence, of the fact, in case of his death, insanity, absence, or removal. But when the demand and notice are made and given by the *clerk* of the notary, and not by the notary himself, they do not fall within the purview of the statute, and must be proved by such evidence as is admissible at common law.

Where the memorandum book of a notary is kept by his clerk, and the entries are in the hand-writing of the latter, and were made at the time they bear date, such book may be treated as the memorandum book of the clerk, for the purpose of permitting him to refresh his memory by examining it.

THIS was an action of assumpsit, and the declaration was on the common counts, with a copy of the note on which the plaintiff, as holder, sought to recover against the defendant as payee and first indorser. The plea was non-assumpsit, accompanied with an affidavit of the defendant, alledging that no notice of non-payment of said note had been received by him. The cause was tried before Justice Harris, at the St. Lawrence circuit, in June, 1849. The plaintiff gave in evidence a promissory note, made by Jacob M. Schriver, dated 20th September, 1834, for $808,71, payable six months after date to the order of James Jessup (the defendant) at the Ogdensburgh Bank, and indorsed James Jessup, Edwin Church, T. L. Knapp. The question litigated on the trial was, whether the plaintiff had taken the requisite steps to charge the defendant, as indorser of the note. To prove this, John W. Judson, the teller of the bank, was introduced as a witness, and testified that when the note became due, in March, 1835, he was teller of the said bank, and clerk of David C. Judson, who was then a notary public. The witness testified that from the entries made by him in the memorandum book of the notary, it appeared that the note was presented at the bank for payment on the 23d March, 1835, and payment was refused, and that on the same day notice thereof was deposited in the post office at Ogdensburgh, addressed to the defendant, at his residence in Brockville, in Canada. The book of the notary was produced, in which these entries were contained, in the hand-writing of the witness. The usual course was for the notary to furnish a blank certificate of protest, signed by him, and the witness as his clerk filled it up as occasion required. It was so done in this case.

Cole *v.* Jessup.

The witness knew the fact that the maker had no funds in the bank; *but had no recollection of the demand or notice.* The plaintiff's counsel proposed to give the book in evidence. This was objected to, as being a mere private memorandum, and not admissible; but the judge admitted it, not as evidence *per se,* but as a book that might be referred to as the ground upon which the witness stated he did the act. The defendant's counsel excepted.

The witness further testified that the notary was still living. The witness, as his clerk, was in the daily habit of protesting notes, and kept the book now produced, in which he made the entries in question. It was his usual practice to make the entries the same day he delivered the notices. The plaintiff's counsel then asked the witness what entries were made in said book in relation to the note in question. The defendant's counsel objected, but the judge decided that the entries were admissible, and competent to be read to the jury to show the grounds upon which the witness based his testimony; to which the defendant's counsel again excepted.

The witness thereupon read the entries from the book as follows: "23 March, 1835, noticed James Jessup, Brockville, Edwin Church, Prescott, T. L. Knapp, Brownsville, indorsers, J. M. Schriver note for $808,71. Notice depos'd in P. O." The witness testified—"These are the notices. I deposited them in the post office according to the entry." Being further examined, the witness testified that he had no recollection of making the entries. "I recognize them by the hand-writing, and *I know that the entries would not have been made if I had not done what is there stated.* I always presented the notes for non-payment before I protested." The notices sent purported to be signed by the notary. The plaintiff's counsel then proved the genuineness of the signatures of the several indorsers, and the amount due, and rested; and the learned judge thereupon charged the jury, " that if they believed upon what had been stated to them by the witness Judson, that the note was presented, and the notices were sent as he stated, they should find for the plaintiff for the amount of the note." The defendant's counsel excepted to the

Cole *v.* Jessup.

charge. The jury found a verdict for the plaintiff for $1614,89, the amount of the note; and the defendant moved for a new trial.

*C. G. Myers*, for the defendant.

*A. C. Brown*, for the plaintiff.

*By the Court*, WILLARD, J. The certificate of the notary was not given in evidence in this case; nor was it admissible under the 8th section of the act of 1833, (*Laws of* 1833, *p* 395,) inasmuch as the defendant had annexed to his plea an affidavit, denying the fact of his having received notice of non-payment of the note.

The important question in the case is whether the book of the notary, kept by his clerk, containing the entries of the daily transactions of the notary in the course of his business, and made by his clerk at the time, was admissible in evidence, in connection with the oath of the clerk, although the latter swore that he had no recollection of having made the entries or performed the service, but that the entries would not have been made if he had not done what is there stated. Although, as remarked by Ch. J. Spencer, in *Bank of Utica* v. *Smith*, (18 *John.* 240,) the law does not require the intervention of a notary to make a demand of payment, or to give notice of the non-payment of a note, yet these officers are in the practice of doing so; and being commissioned by the government, their official acts are of a more solemn nature than those of individuals; for the same reasons a notice of non-payment by a notary is also available; and it is the constant and uniform course, sanctioned by a long and continued usage. Since the case of the *Bank of Utica* v. *Smith*, (*supra*,) was decided, the powers and duties of these officers have been declared by statute. (2 *R. S.* 283.) By the 44th section they have authority to demand acceptance and payment of foreign bills of exchange and to protest the same for non-acceptance and non-payment; and to exercise such other powers and duties, as by the law of nations, and according to commercial usage, or by the laws of any other state, government

Cole *v.* Jessup.

or country may be performed by notaries public.    The 45th section declares that they may demand acceptance of inland bills of exchange, and payment thereof, and of promissory notes, and may protest the same for non-acceptance or non-payment, as the case may require.    But neither such protest, nor any note thereof, made by any notary in this state, shall be evidence in any court of this state, of any facts therein contained, except in the cases specified in the next section.    The section alluded to is in these words : " § 46. In case of the death or insanity of any notary public, or of his absence or removal, so that his personal attendance, or his testimony, can not be procured in any mode provided by law, the original protest of such notary, under his official seal, upon such seal and his signature being duly proved, shall be presumptive evidence of the fact, of any demand of acceptance or of payment, therein stated."    The 47th section declares that any note or memorandum made by a notary public, in his own hand-writing, or signed by him at the foot of any protest, or in a regular register of official acts kept by him, shall in the cases specified in the last section, be presumptive evidence of the fact of any notice of non-acceptance or non-payment having been sent or delivered, at the time and in the manner stated in such note or memorandum.    It was afterwards deemed expedient to make a notarial certificate of protest of promissory notes and bills of exchange presumptive evidence of the facts therein contained.    This was done by the 8th section of the act of 1833, page 395, but it was expressly declared not to apply to any case in which the defendant should annex to his plea an affidavit denying the fact of having received notice of non-acceptance or of non-payment of such note or bill.

The memorandum book was not evidence as the act of the notary, within the statute, because the notary was still living, and perhaps present in court, and because the entries were not made by him, nor were the acts done by him which the entries were intended to attest.    Had the notary been examined as a witness he could have proved nothing material to the point in dispute.

Neither the revised statutes, nor the act of 1833, recognize

Cole *v.* Jessup.

the acts of the clerk of a notary, and the eighth section of the latter statute, in declaring the effect of the notarial certificate, uses language which seems to imply that the act which it authenticates must be the personal act of the notary himself. It says, "in all actions at law, the certificate of a notary under his hand and seal of office, of the presentment BY HIM of any promissory note, &c. shall be presumptive evidence of the facts contained in such certificate." The supreme court, in *The Onondaga County Bank* v. *Bates*, (3 *Hill*, 53,) held, upon this statute, that a notarial certificate which stated that the notary *caused* the note to be presented for payment, was insufficient. They held that the statute contemplated that the act which the notary is authorized to certify, must be his own personal act, and not the act of his clerk, or of a third person. It results from this construction of the statute, that when it is intended that the notarial certificate of the protest of a promissory note or inland bill of exchange, shall be used as the evidence of the facts therein contained, the acts which it attests must be those of the notary, and of him alone. We think this is the correct construction of the statute.

But a promissory note may be as well protested by a private citizen as by a notary. In the present case the note was protested by the teller of the bank, who was the clerk also of the notary. It is presumed, though not stated, that the notary was the cashier of the bank. If the regular steps to charge the indorser were taken by the teller, acting as clerk of the notary, they would be as effectual as if done by the notary himself. The only difference is in the mode of proof by which the fact is to be established. Had it been done by the notary in person, his entries in his register, signed by him, would have been secondary evidence, and presumptive evidence of the fact, in case of his death, insanity, absence or removal. But as the demand and notice were made and given by the teller, and not the notary, they do not fall within the purview of the statute, and must be proved by such evidence as is admissible at common law.

The memorandum book of the notary was kept by the witness, and the entries were in the hand-writing of the latter, and were

Cole *v.* Jessup.

made at the time.   It may be treated, therefore, for this purpose, as the memorandum book of the witness.   It was not received as evidence *per se,* but the exception was taken to its admissibility for any purpose.

The cases where a witness is allowed to refresh his memory by referring to memoranda or entries, are in general of two kinds. (1.) Where the witness by referring to the paper, has his memory actually revived, so that he swears to an actual recollection of the facts.   In this case, the paper thus used may be one made after the transaction, may be a copy and not an original, and need not be produced in court.   (2.) When the witness, after referring to the paper, undertakes to swear positively to the fact ; yet not because he remembers it, but because of the confidence he has in the paper ; and here the paper must be produced to the court, must be an original, and made about the time of the occurrence.   (*See* 1 *Smith's Leading Cases,* 286.)   The case at bar falls under the latter head.   It was therefore properly received by the learned judge. The oath of the party was the primary substantive evidence relied on.   The credibility of the oath, however, depending on the justness of the witness's reliance on the written memorandum, the latter must be produced for inspection by the court and jury.   It is required to be an original and contemporaneous entry.   The doctrine on this subject is discussed by Cowen, J. in *Merrill* v. *Ithaca and Owego Railroad Co.* (6 *Wend.* 586, 598.)   See also *The Bank of Monroe* v. *Culver,* (2 *Hill,* 531 ;) *Brewster* v. *Dana,* (*Id.* 537 ;)  *Nichols* v. *Goldsmith,* (7 *Wend.* 160 ;) 2 *Smith's Leading Cases,* 282, *et seq. note to Price* v. *Torrington.*

There is another class of cases, where original entries have been made in the usual course of business, and are authenticated as such by the oath of the person who made them, though he can remember and testify to nothing about the facts recorded in the entries ; in which cases such entries, thus verified by the oath of the person who made them, are admissible primary evidence of those facts, during the life of the witness.   (1 *Smith's Leading Cases,* 286.   *Bank of Monroe* v. *Culver,* 2 *Hill,* 535, *and cases supra.*)   But as the learned judge did not receive

the book in that manner, and to that extent, it is unnecessary to pursue the inquiry.

I think the decision at the circuit was right, and that the motion for a new trial should be denied.

New trial denied.

━━━━━━━━━━━━◆━━━━━━━━━━━

SAME TERM.    *Before the same Justices.*