ALLEN & COMPANY vs. THE GEORGIA NATIONAL BANK.

60 347
91 167

[JACKSON, Judge, was providentially prevented from presiding in this case.]

1. For the purpose of proving notice of dishonor to the indorsers, the certificate of a notary public, made at the time of protesting the note for non-payment, and annexed to the protest itself, may be given in evidence in connection with the testimony of the notary to the effect that the certificate is genuine, and that, though he has no recollection of the facts stated therein, or any of them, he is satisfied of their truth, because he would not have certified them had he not been convinced of their truth at the time.
2. When the mail or post-office, was used as a means of conveying notice to the indorsers, and it is in evidence that notice did not in fact reach them, the plaintiff must make it appear that the letters or notices were in a condition to pass to the indorsers in the ordinary course of the postal service—that is, that they were properly directed and stamped, or with the postage otherwise duly paid.
3. Evidence that the notary "served" the indorsers with notice "by depositing said notices in the post-office, in the city of Atlanta," with no statement as to the direction, or as to the payment of postage, was not sufficient, where the indorsers testified that they did not receive notice ; more especially as Atlanta was not shown affirmatively to have been their place of residence, or the place where they usually got their letters.

Negotiable instruments. Indorsers. Protest. Before Judge HILLYER. Fulton Superior Court. April Term, 1877.

The Georgia National Bank brought assumpsit against Crittenden & Company, makers, and Allen & Company, indorsers, on a note dated January 11, 1872, payable thirty days after date, to the order of Allen & Company, at the Georgia National Bank, for $575.31. The indorsers were served and a return of *non est inventus* made as to the makers. The evidence, as far as material, is stated in the opinion. The jury found for the plaintiff. The defendants moved for a new trial upon the following grounds :

1st. Because the court erred in admitting in evidence the notarial certificate as to protest, etc., and especially that part thereof, as follows: "and I further certify that on the

same day, to-wit: February 13, 1872, I served written notices of the demand and refusal of payment, and of protest for non-payment of the note, whereof a true copy is on the other side hereof written, on the drawer and indorsers, by depositing said notices in the post-office in the city of Atlanta."

2d. Because the verdict was without evidence to support it.

The motion was overruled and the defendants excepted.

E. F. Hoge, for plaintiffs in error.

H. C. Peeples; E. P. Howell, for defendant.

Bleckley, Judge.

The notary made a certificate as to the service of notice on the indorsers, and afterwards, on being called to testify in relation thereto, could not recall the facts, but stated that he was satisfied of the truth of the certificate, because he would not have certified as he did, had he not been convinced that the matter of the certificate was true. In connection with this evidence, the certificate was admissible. 5 Martin (La.) N. S. 196; 2 Nott & McCord, 331; 1 Gr'l'f's Ev. §437; 2 Phil. Ev. by Cowen & Hill, 750, note 528; 6 *Ga.*, 365; Code, §3866.

2. But neither the certificate nor the testimony supplementing the same, disclosed how the notices were addressed; that is, to what post-office the envelopes or packages were directed; nor did it appear that they were in a condition, with respect to stamps or prepayment of postage, to pass to the indorsers in the regular course of the postal service. There being positive affirmative evidence that the notices were not received, the want of evidence that the address was proper and that the postage was paid, was not to be supplied by mere implication. It was incumbent upon the plaintiff to prove these facts to the reasonable satisfaction of the jury. As to direction, see 20 Johns, 168; 1 Parsons on N. & B., 496, 478, note v.

3. The evidence was, that the notary *served* the indorsers with notice by depositing said notices in the post-office in the city of Atlanta. It did not appear that the indorsers resided in or near Atlanta, or that they usually got their letters there. Neither did it appear that the postage was paid, or that there was any address or direction on the package or packages. The evidence fell short; and the plaintiff should not have recovered against the indorsers, they testifying that the notices were not received. ·

Cited for the indorsers : Code, §3829 ; Cobb's Dig., 273 ; 3 *Ga.*, 492, 493, 486 ; Code, §1502 ; 2 Daniel Nego. Inst., 17, 18, 74, 53 ; 5 Ind., 610 ; Busbee, 371 ; 3 Ala., 321 ; 3 Hill, 520 ; 10 Allen, 522.

Cited for the creditor: Prince Dig., 216; 1 Gr'leaf's Ev. §§115, 116 ; 8 Wheaton, 326 ; 6 Selden, 96 ; 16 Wend., 586 ; 2 Hill, 531 ; 9 Barb., 395 ; 5 Martin, La. N. S., 196 ; 2 Man. & Ryl., 5, 7; 6 *Ga.*, 365 ; 13 *Ib.*, 510 ; Story on Bills, 454 ; 1 Hill, Law, R. (S. C.) 30 ; 3 *Ga.*, 486 ; Smith's Mer. Law, 273, 290, *note*; 4 Howard, 336 ; Story on Bills, 422 ; 18 230, Johns, 392 ; 10 Howard, 515 ; 273 ; Story on Bills, 229 ; 1 *Kelly*, 284, 314 ; Chit. on Bills, 131, 133 ; Parsons on Cont., 205, 206 ; 1 Gr'l'f's Ev., p. 46 ; 19 Johns, 345 ; 56 *Ga.*, 294 ; 20 *Ib.*, 50.

Judgment reversed.