### GESSNER *v.* SMITH.

(*City Court of New York, General Term.* November 23, 1888.)

1. NEGOTIABLE INSTRUMENTS—PROTEST AND NOTICE—EFFECT OF CERTIFICATE.
   Under Code Civil Proc. N. Y. § 923, making a notary's certificate of protest and notice presumptive evidence, unless the party against whom it is offered serves with his pleading, or within 10 days after issue joined, an original affidavit, denying the receipt of the notice, an affidavit annexed to the answer of which a copy is served is insufficient to exclude the certificate.

2. SAME—EVIDENCE—PERSONAL PRESENTMENT BY NOTARY.
   A notary's certificate of protest and notice is of no effect as evidence, when it is shown by the testimony of the notary that he did not personally present the note, nor give the notice.

3. SAME—PRESENTMENT BY NOTARY'S CLERK—HEARSAY EVIDENCE.
   The testimony of the notary that he gave the note to his clerk, who afterwards reported that he had presented it, and mailed notice of non-payment, is hearsay as to whether the note was presented or notice given.

Appeal from trial term.

Action by Marguerite Gessner against Mary B. Smith on promissory note, tried without a jury.

Defendant, at her husband's request, indorsed his note in suit without consideration; whereupon it was delivered (in defendant's absence) to one Lovejoy, who passed it to the plaintiff. When due, the note was put into bank for collection, and "protested" by a notary for non-payment; who testified on the trial, being called by defendant, that the demand of payment and mailing of notice to the indorser were attended to wholly by his clerk, as the latter reported to him. The notary had no personal knowledge on the subject. No evidence by or from said clerk was offered. The answer denied the due "protest" of said note, and the service on defendant of notice of non-payment. Only a copy of the "affidavit" prescribed in section 923, Code Civil Proc., was served on the part of the defendant upon the plaintiff's attorney, and the latter retained the same. On the trial, the certificate of said notary, in form as required by such section 923, was offered by the plaintiff, and received in evidence. Other facts appear in the opinion. The court decided the cause in the plaintiff's favor on the ground that, as the notary gave testimony that he heard from his clerk that he presented the note for payment, and that such clerk mailed the notice of non-payment, this must be accepted as true, because said notary was so testifying as a witness called by the defendant; and that she (defendant) is bound by it.

Argued before EHRLICH, MCGOWN, and PITSHKE, JJ.

*D. McMahon,* for appellant. *L. S. Quackenbush,* for respondent.

PITSHKE, J., (*after stating the facts.*) Both parties waived a trial by jury. The court below found that the note in suit (payable to the maker's own order) was indorsed in blank by the defendant before its delivery, with intent to become liable thereon to subsequent indorsers as indorser, and that it was transferred before maturity and for value to this plaintiff. The maker, being also payee, was necessarily the first indorser of said note. *Phelps* v. *Vischer,* 50 N. Y. 69. The court further found that the presentment of the note was not made by the protesting notary personally, and that the mailing of notice of demand and non-payment was also not done by the notary himself. Annexed to the original answer, defendant made and verified her "affidavit" that she had not received notice of non-payment of the note. But only a copy of this affidavit was served on the plaintiff's attorney, and not the original affidavit, as required by Code Civil Proc. § 923.

The only issue raised was whether the note was duly presented for payment,. and the defendant had due notice thereof, and of non-payment. The defend- ant, said indorser, testified that she never, in fact, received any notice. what- ever. The service of a mere copy-affidavit, as aforesaid, instead of the origi- nal, is not a compliance with such section 923, and was insufficient. The justice below,' therefore, properly admitted the notary's certificate of demand. and non-payment, and of the service of notice thereof on defendant by mail,. as presumptive evidence of these matters. This note was inland paper. The defendant's indorsement was to be as security for the maker to get him credit. *Jaffray* v. *Brown*, 74 N. Y. 394; *Coulter* v. *Richmond*, 59 N. Y. 478. This- purpose must be distinctly proven by evidence. That the answer herein, how- ever, admitted. Proof of due demand for payment and of notice of non-pay- ment is also necessary to charge defendant as such an indorser. Any person (whether a notary or not) having a note or bill in his possession, whether it be foreign or inland, may make the demand of payment, and receive the amount due, and also give notice of the non-payment, with entirely the same effect as if done by a notary. *Cole* v. *Jessup*, 10 N. Y. 100. A protest on in- land paper is not requisite; but in respect to foreign paper, dishonored for re- fusal of acceptance or payment, the liability of the drawer or indorsers can only be preserved by a "protest," as well as notice, (*Bank* v. *Varnum*, 49 N. Y. 275,) notice alone being required in the case of inland paper. And, even with respect to foreign paper, evidence is admissible of a "custom" at the place to present the same by the clerks of notaries, and to protest such paper upon such presentation, (Id. 277,) and the indorser will be thereby bound.. The notice to the indorser of "demand and non-payment" may now, ordinarily,. be given through the "post-office;" and, if properly made, the mailing charges: the indorser, although he does not receive the notice. *Bank* v. *De Groot*, 7 Hun, 211; *Miller* v. *Hackley*, 5 Johns. 375; *Price* v. *McGoldrick*, 2 Abb. N. C. 70, 75; *Bank* v. *Lawrence*, 1 Pet. 578, (reviewing the subject.) As no "protest" of the inland paper herein was necessary, and though demand of payment thereof might be by the notary's clerk, and presentation by said clerk was, hence, sufficient as the foundation of notice to the indorser of the non- payment, still, where the notary's certificate thereon made is upon its face· incomplete or contrary to the statute, or is shown to be false, it is incumbent on the holder bringing suit against such indorser to prove the due present- ment by such clerk by the latter's evidence, in addition to proof of due serv-- ice of notice. *Hunt* v. *Maybee*, 7 N. Y. 269, 270, which authority so held, on a certificate proven untrue, and the trial showing that the presentment was not personally by the notary. A false certificate is no certificate. Id. 266. The certificate (which is only presumptive evidence) is null and of no· effect when it appears, by the direct and positive testimony of the notary who· issued such certificate, that he did not in person present the note for payment, or give the notice to the indorser, but that such was done by some one else. *Gawtry* v. *Doane*, 51 N. Y. 90. The certificate herein should thereupon have· been ignored, as being no evidence to be considered on the question of pre-- sentment or notice.

There was no other proof. There should have been evidence either from the clerk himself of due presentation and mailing, or, in case he was deceased,. from the usual entries by said clerk made in the notary's register, kept by the notary, or by said clerk for the notary. This would be competent common-· law evidence. Id. 90, 91. That would have raised a dispute of facts on the· point of notification of the defendant, indorser; she testifying directly she never had notice of non-payment. Her testimony denying receipt of notice raises the legal inference that none was given. *Arnold* v. *Railroad Co.*, 5· Duer, 211. Apart from the notary's register, the clerk's own record also· would be good evidence of the presentment and other services by him, con-- cerning the inland paper in question herein, if he cannot himself state the·

facts. It is unimportant whether the entry adduced as proof·was ·made in the notary's books, or in the private memorandum book of the witness. See *Cole* v. *Jessup*, 10 N. Y. 96, 101. The mode of proof by means of such a "certificate" is in derogation of the common law, and must, therefore, be strictly correct. If not so, that is fatal to the certificate. *Warnick* v. *Crane*, 4 Denio, 460, 461. The result must be the same, where it is entirely vitiated by the testimony of its "maker," proving it to be utterly false. The certificate having thus become clearly without force or validity, no other "proof" than that appeared. The notary gave the note to his clerk, who merely reported to him that such clerk had attended to the demanding of payment and the mailing of notice of protest. Though the notary so testified on his examination as a witness by the defendant, it did not bind the defendant as indorser; for it was not any evidence of anything beyond the fact that said witness received a "report" from the clerk, (*Robbins* v. *Richardson*, 2 Bosw. 248,) but, as to the truth of such report, it proves nothing. It was pure "hearsay" on the point of due notice, the defendant not being present. *Lanergan* v. *People*, 39 N. Y. 41. After it was in, it was no "proof" whatever of a demand by any one or of notification forwarded to defendant by anybody. The case below presents a failure of proof. Hearsay evidence, as herein, had no value, and amounted to no evidence at all, on the facts spoken about in the communication referred to by the witness examined. *Harris* v. *Ely*, Seld. Notes, 37; *Paige* v. *Cagwin*, 7 Hill, 369; *Moore* v. *Westervelt*, 21 N. Y. 110. As there is no other support to the decision below than said hearsay statements from such notary's clerk, which were plainly incompetent to prove the matters therein mentioned, the judgment for plaintiff cannot be sustained. The judgment appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide event.

EHRLICH and McGOWN, JJ., concur.