### RYER v. PRUDENTIAL INS. CO OF AMERICA.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. JUDICIAL NOTICE—DAY OF MONTH AND WEEK.
   The court will take judicial notice that October 27, 1901, fell on Sunday.
2. LIFE INSURANCE POLICY—LIMITATION OF ACTION—COMPUTATION.
   Under a life insurance policy providing that no action can be maintained thereon unless commenced within six months after the decease of insured, where the last day of the sixth month falls on Sunday, plaintiff has the whole of the ensuing Monday in which to sue.
3. SAME—DEFAULT IN PREMIUMS—WAIVER.
   Where a life insurance policy provides that it shall be void if payments are not made on the premium days, the company's acceptance of payments made after those days is a waiver of the provision.
4. SAME—PLEADING.
   Under a complaint on a life insurance policy alleging performance of its conditions, evidence of the company's waiver of the payment of premiums on the days stipulated in the policy is inadmissible.

Appeal from City Court of Yonkers.

Action by Fannie C. Ryer, as administratrix of the estate of Benjamin Ryer, deceased, against the Prudential Insurance Company of America. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

Ralph Earl Prime, Jr., for appellant.

F. X. Donoghue, for respondent.

HOOKER, J. The defendant appeals from a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial. The action was by the plaintiff as administratrix of the estate of her husband, against the defendant, based upon a policy of life insurance issued to the husband in his lifetime by the defendant insurance company, payable to his estate. The defendant strongly insists on this appeal that the judgment should be reversed because the action was not commenced within the six-months limitation provided for in the policy of insurance. One of the provisions of the policy was that no suit or action at law or in equity should be maintained unless commenced within six months after the decease of the person insured under the policy, and it was expressly agreed therein that should such suit or action be commenced after the expiration of said six months the lapse of time should be deemed conclusive evidence against the validity of the claim, any statute of limitation to the contrary notwithstanding. It is clear from the record that the insured died on the 27th day of April, 1901, and that the action was commenced on the 28th day of October, in the same year. The 27th day of October, 1901, fell on Sunday, and of this fact the court will take judicial notice, although there was no proof in the record upon that subject. The plaintiff had the whole of Monday, the 28th day of October, in which to commence her action, and it was therefore begun in time. Salter v. Burt, 20

¶ 3. See Insurance, vol. 28, Cent. Dig. § 1056.

Wend. 205, 32 Am. Dec. 530; Commercial Bank of Kentucky v. Var-
num, 49 N. Y. 269, 279; Griggs v. Guinn, 29 Abb. N. C. 146, note 1,
21 N. Y. Supp. 451. While the statutory construction law (Laws 1892,
p. 1491, c. 677) cannot be held in every case to be applicable to the
construction of contracts, yet it is instructive to refer to section 27 of
that act, treating of time, which provides the same rule for the con-
struction of statutes as the cases just cited do in respect to contracts.

Several questions were presented by the warranties made by the in-
sured in the original application and upon the application for the re-
vival of his insurance, but these were all questions of fact upon which
there was abundant evidence to sustain the jury's findings, and no
error was presented in respect thereto.

A more serious question arises, however, upon the exceptions of the
defendant to the ruling of the trial court in receiving evidence of waiv-
er by the defendant of default in payment of premiums due. The policy
which had been introduced in evidence provided that the weekly prem-
ium stated in the schedule should be paid to the company or its agent
every Monday during the continuance of the contract, and that the
policy should be void if the said weekly premium should not be paid
according to the terms of the contract. The complaint distinctly al-
leged that the deceased duly complied with all the provisions and
agreements contained in the policy to be kept and performed by him,
and the answer specifically denied that allegation of the complaint.
It was stipulated upon the trial that the payments of premium were
regularly made after the issuance of the policy up to the 4th day of
February, 1901. Upon direct examination the plaintiff was asked
when the payment which was due February 11th was actually made.
To this question the defendant objected on the ground that the evi-
dence was inadmissible under the allegations of the complaint, which
alleged due performance by the plaintiff of all the terms of the condi-
tions of the policy, and fails to allege a waiver by defendant of
any of its terms or conditions. Objection was further made to any
evidence of the payments of premiums at times other than the ex-
act date specified in the policy and the acceptance by the defend-
ant upon the same grounds. The court ruled that as the premiums
had been regularly paid for a period of nearly seven years, to the 4th
of February, if a few payments were made after the time specified in
the policy, and were received by the company, the contract was sub-
stantially complied with, that the noncompliance was too trifling to
be considered a nonperformance, and that the defendant waived any
irregularity as to the payments by accepting the money after the de-
fault. It was distinctly provided in the contract of insurance that the
same should be void if the payments were not made upon the premium
days, and any payment made after those days, accepted by the com-
pany, cannot be construed otherwise than that the company waived
the provisions of the policy. The rule, however, is well settled that
under allegations of performance proof of waiver of the exact terms
of the contract is not admissible, and that the trial should be conduct-
ed and conclusions reached according to the pleadings and the proofs.
This is the rule laid down in Beecher v. Schuback, 1 App. Div. 359, 37
N. Y. Supp. 325, affirmed on opinion below, 158 N. Y. 687, 53 N. E.

1123, and under the authority of that case it must be held that the court erred in admitting evidence of deferred payments and waiver by the defendant in accepting them.

In view of this technical defense, to which the defendant has resorted, this would seem to be a case where the court, in the exercise of its discretion, should permit the plaintiff to amend her complaint without the imposition of any terms.

The judgment and order should be reversed, and a new trial ordered, costs to abide the event.   All concur.