JUDITH A. SCHENCK, Plaintiff

v.

GOVERNMENT OF GUAM,
GUAM MEMORIAL HOSPITAL, Defendants

Civil No. 541-74

Superior Court of Guam

April 4, 1975

ABBATE, *Judge*

## DECISION

On August 10, 1973, Judith A. Schenck, the plaintiff herein, departed Truk Island to sojourn in Guam in hopes of obtaining a Therapeutic Abortion. After several inquiries, she found her way to Dr. Vivian Batoyan, a private physician who has privileges at the Guam Memorial Hospital, which is operated by the Government of Guam. The Government is the named defendant in the above-entitled action. After a brief consultation with Dr. Batoyan, she was referred to our Mental Health Clinic for consultation and was seen by Dr. David Kennedy, the Director of the Guam Memorial Hospital Mental Health Center. The consultation occurred on August 16, 1973, and after a brief examination, the psychiatrist concluded termination of pregnancy was essential and recommended sterilization. (See Plaintiff's Exhibit A.) The history Dr. Batoyan shows is that the plaintiff was spotting. This was contradicted by the plaintiff in her testimony; and the nurse's notes-medication record in Exhibit A shows no bleeding noted.

The entire hospital record was offered into evidence as Plaintiff's Exhibit A. The hospital record revealed an Admitting and Final Diagnosis as Incomplete Abortion, 8 ' weeks. The operation report shows Dilatation and Curettage was performed. There was a moderate amount of tissue obtained from the lining of the cavity of the uterus (endometrium), and the tissue was sent for surgical pathology. Dr. Leung Chen, the Staff Pathologist for the Guam Memorial Hospital, only had a pre-operation diagnosis (see Surgical Pathology Report, part of Exhibit A) of Incomplete Abortion, and concluded that no fetal parts were found.

Mrs. Schenck, after her discharge, returned to Truk

Island, and in October 1973, began experiencing difficulty with her uterus. She then sought medical advice in Truk and was seen by Dr. G. C. Hobson, who testified in this case. In his report, he stated that he suspected a possible hydatidiform mole. His operation finding was a 4 month pregnancy. Pathology reported "Fetal, placental, and decidual tissue identified." The surgeon, Dr. Hobson, testified that bleeding during surgery became so great after fetal parts were removed, that he performed a hysterectomy.

The plaintiff testified that great mental anguish, embarrassment, and humiliation have been suffered and that she has been advised that future psychiatric care is necessary, which stems from the loss of her uterus, which totaled to approximately $38,855.00.

The plaintiff in this case now seeks to recover damages for negligent medical and hospital treatment, which eventually led to a hysterectomy. This action is based on the theory that the defendant hospital owed a duty to plaintiff to provide reasonable medical care and supervision during her confinement in August 1973.

In seeking the standard of care that is to be exercised by the hospital, this Court has been aided by an expert witness, Dr. G. C. Hobson, the By-Laws of the Medical Staff of the Guam Memorial Hospital, and the Accreditation Manual for Hospital, up-dated 1973 (Exhibits B and C). The hospitals of today, unlike the hospitals of yesteryears, have a network of facilities; such as, medical staff laboratories, X-ray Department, Administrative and Manual Workers, all acting in concert for the benefit of the patients it accepts. As stated in *Bing v. Thieng* (1957) 2 N.Y.S. 656, the Court said, "The conception that the hospital does not undertake to treat a patient, does not undertake to act through its doctors, nurses, but undertakes instead simply to procure them to act upon their own

responsibility no longer reflects the fact. The standards for Hospital Accreditation, state licensing and the defendant's by-laws, demonstrate that the medical profession and other responsible authorities regard it as both desirable and feasible that the hospital assume certain responsibilities for the care of the patient."

 It is crystal clear that compliance with the By-Laws and the Manual for Hospital Accreditation was ignored during the confinement of this patient. There was no clinical history sent with the tissue to the pathologist. The pathologist made no inquiry after finding no fetal parts. No Medical Review Committee was in existence to review medical records. No Tissue Committee to review surgical procedure. The hospital records indicated Incomplete Abortion as an admitting and final diagnosis. The psychiatrist, Dr. David Kennedy, recommended Therapeutic Abortion.

It is a sad commentary and shocking to this Court that there is no established policy on Therapeutic Abortion, other than a brief consultation with a psychiatrist. It is difficult for this Court to comprehend how a surgeon, without the harness of strict regulation, can extinguish the lamp of life with a lethal curet as the defenseless fetus is evacuated by the surgeon. Individual rights play such a prominent rule in our modern day society, with the exception of the fetus, which is *life* [emphasis supplied].

Had there been a Medical Review of Records, an inquisitive pathologist, a Tissue Committee Rules & Regulations governing Therapeutic Abortion, review of operative procedure, the plaintiff would not have walked out of the halls pregnant, which later subjected her to a hysterectomy. Citing *Hendrickson v. Hadkin*, 294 N.Y.S. 982; *Darling v. Charleston Community Memorial Hospital* (1965) 33 Ill.2d 253; 14 A.L.R.3d 873.

Based upon the evidence of this case, which show a total disregard in providing reasonable medical care and super-

269

vision, there can be one conclusion reached. Judgment for the plaintiff in the amount of $80,000.00 against the defendant Government of Guam, together with cost and disbursement.

Submit judgment.